# The Southern Indiana Railway Company *v.* Brown.

[No. 4,385. Filed April 3, 1903.]

LIMITATION OF ACTION. —*Damages to Real Estate.* —*Railroads.* — An action for damages to real estate, by reason of the building and operating of a railroad in front of plaintiff's property in a city, is barred by the statute of limitations after six years.

From Greene Circuit Court; *O. B. Harris,* Judge.

Action by George J. Brown against the Southern Indiana Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. M. Trissal, T. J. Brooks* and *W. F. Brooks,* for appellant.

*J. H. Smith, Joseph Giles* and *C. C. Matson,* for appellee.

COMSTOCK, J.—Upon change of venue from the Lawrence Circuit Court. Appellee brought this action for injuries to his real estate by reason of the building and operating of side-tracks, switches, and spurs, and the operation of appellant's railway trains in a street in front of appellee's property in the city of Bedford. Appellant's demurrer thereto was overruled, and this action of the court is assigned as one of the two specifications of error. It is

not discussed, and is therefore waived, and a more particular statement of the complaint is not necessary.

The remaining specification of error is that the court erred in sustaining appellee's demurrer to the fourth paragraph of answer. Said paragraph alleges that the cause of action did not accrue within six years of the bringing of the suit. Section 293 Burns 1901 provides that actions for injuries to property, damages for the detention thereof, and for recovering possession of personal property, shall be commenced within six years after the cause of action has accrued. The third clause of §293, *supra,* is applicable to this action. It also appears from the complaint that "In maintaining and operating said side-tracks, switches, running trains of cars and engines attached thereto, in front of the plaintiff's residence" appellant has for seven years interrupted plaintiff in the use of said street, and access to his property across said street. See *Strickler* v. *Midland R. Co.,* 125 Ind. 412; *Porter* v. *Midland R. Co.,* 125 Ind. 476; *Shortle* v. *Louisville, etc., R. Co.,* 130 Ind. 505; *Pickett* v. *Toledo, etc., R. Co.,* 131 Ind. 562.

The judgment is reversed, with instruction to overrule appellee's demurrer to the fourth paragraph of appellant's answer.