[Civil No. 1398. Filed December 7, 1914.]

[144 Pac. 636.]

In the Matter of Petition of SUSIE BAILEY, by Her Mother, MAY HAYES, for Writ of Habeas Corpus, Appellant, v. C. E. KENAGY and BESSIE KENAGY, Respondents, Appellees.

1. EVIDENCE — BEST AND SECONDARY EVIDENCE — JUDICIAL RECORDS — DOCKET ENTRIES.—Entries by the court commissioner, expressing his understanding of the contents of a petition, and docket entries by him and by the clerk of the court that certain papers were filed and certain orders made on certain dates, were incompetent as evidence in subsequent proceedings; the contents of the papers and the orders being provable by the documents themselves, if in existence, and, if not, by other secondary evidence.

2. ADOPTION—PROCEEDINGS—JURISDICTION—"NEGLECTED CHILD."—Laws of 1907, chapter 78, defining the powers of the district court as to neglected children, by section 1 gave it exclusive original jurisdiction in proceedings affecting their control; by section 5 author-

ized it, after hearing, to commit such child to the care of its parents, or to some association or reputable citizen; by section 6 provided that if awarded to the care of any association or individual, the child should become the ward of such association or individual, who might appear in adoption proceedings, and whose assent would authorize the court to decree an adoption, and as amended by Laws of 1909, chapter 57, section 4, authorized the court to issue letters of adoption to any fit person. Civil Code of 1913, paragraph 3565, authorized the issuance of letters of adoption "in accordance with the laws . . . relating to adoption," and Civil Code of 1901, paragraph 2041, required persons whose consent to an adoption is necessary to appear and signify their assent in writing, and paragraph 2039, as amended by Laws of 1907, chapter 21, required the assent of the child's parents, unless judicially deprived of its custody, or unknown. *Held*, that the term "neglected child" implied neglect by someone bound to care for it, either as parent or guardian, that the authority of the court to order an adoption rested upon consent, and that an order on a petition for adoption, reciting that a child was a neglected child whose parents, though living were not .fit to have its care, and that respondents, fit persons therefor, adopt the child, showed on its face a want of jurisdiction, because not showing that the assent of the persons, etc., designated by law had been given.

3. ADOPTION—NEGLECTED CHILD—EFFECT OF INVALID ADOPTION PROCEEDINGS.—The effect of such proceedings was only to award the care, custody and control of the child to the purported adoptive parents as guardians, entitling them to its legal custody, as a ward, against its mother.

[As to adoption of children generally, see note in 39 Am. St. Rep. 210.]

APPEAL from a judgment of the Superior Court of the County of Maricopa. A. G. McAlister, Judge. `Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellant, May Hayes, formerly May Bailey, during the month of December, 1913, filed her petition in the superior court of Maricopa county, alleging that she is the mother of Susie Bailey, a minor child of the age of five years; that Frank Bailey is the father of the child; and that for more than two years prior to the date of filing the said petition the said father had deserted his family and wife, this petitioner, and still persists in such desertion; that the re-

spondents unlawfully restrain and imprison Susie Bailey, by wrongfully assuming parental control over the child, against the will of both this petitioner and the child, and in violation of the natural rights of the petitioner to such parental control, care, custody and education of the child, and to see and visit the child and the rights of the child to see and visit the petitioner. The petition is followed by the usual prayer, to the effect that the child may be restored to liberty. The respondents make return to the order to show cause in the nature of an amended answer and return filed February 18, 1914. They answer and return generally, admitting the parentage of the child, the desertion of the family by the father, and deny the unlawful restraint and imprisonment of the child and other allegations of the petition. They specially return that on June 20, 1911, one Vernon L. Clark, an officer of the juvenile court, filed a petition before Hon. G. W. Johnstone, a court commissioner of the said court, alleging that Susie Bailey was a neglected child of the age of four years; that the parents of the child were separated and the father resided without the country; that the mother, this petitioner, was living a dissolute and dissipated life, and leaving her children to the care of the neighbors, or unattended in her own house, and bringing to them vicious and immoral surroundings, and praying for an order of the court providing for the adoption of the said Susie Bailey to some suitable person; that the said commissioner caused the mother, this petitioner, to appear before him, and after a full hearing and consideration of the matter, by and with the consent of the said petitioner, mother of the said Susie Bailey, made and entered an order, awarding the custody of the said children, including Susie Bailey, to their father, Frank Bailey, and issued a certificate to such effect; that on the 19th day of February, 1913, the said probation officer filed his petition in the superior court of Maricopa county, in the juvenile court department thereof, in the case of the said Ralph Bailey, Lawrence Bailey and Susie Bailey, Neglected Children; the petition is herein below set forth; that on February 19, 1913, the matter came on for trial, and the judge of said court proceeded to the hearing of the allegations of said petition and the evidence offered in support thereof, and upon the findings of fact the court made and entered an order of

adoption, ordering and adjudging that respondents adopt said child Susie Bailey, and from that time forward the said child Susie Bailey should be the adopted child of respondents, and the child and respondents should thereafter bear the one to the others the relation of parents and child; that by reason of such order of said court these respondents have had and now have and claim the exclusive care, custody and control of said child. They allege that they are fit and proper persons to have such care, custody and control of said child, and that the best interests of the child will be best subserved by remaining within respondents' care, custody and control. The allegations contained in the amended return were treated as denied. No formal denial was interposed. The respondents in support of the allegations of their return, assuming the burden of proceeding, introduced in evidence, over objection of petitioner, a portion of the court commissioner's docket, being a brief statement made therein by the commissioner under date of June 20, 1911, referring to a petition filed with him by Vernon L. Clark, stating that Ralph Bailey, Susie Bailey and Lawrence Bailey are neglected children of the age of one, two and four years, respectively; that their mother and father were living separate and apart; that their father was not a resident of the county, and that the mother was living a dissolute and dissipated life, leaving the children to the care of the neighbors, or unattended in her own house, and bringing to them at their home vicious and immoral surroundings, praying for an order providing for the adoption of the said children to some suitable person, and for appropriate relief. The entry discloses the issuance of a subpoena for witnesses, and an order by the court commissioner, under date of June 27, 1911, giving the father possession of the children. Neither the petition nor the order appear with the docket entry. The entry made and the subpoena issued by the court commissioner with the return thereon were received over objection of petitioner. Thereupon the respondents offered the entries of the clerk of the juvenile court in the register of actions made in the matter of the neglected children, Ralph Bailey, Susie Bailey and Lawrence Bailey, No. J—85, which was objected to and the objection overruled and the evidence received. The said entry recites:

June 27, 1911.   Papers received for J. P.     .   .

June 27, 1911.   Filed order of court commissioner awarding custody of children to father.

Nov. 30, 1912.   Issued subpoena.     .

Dec. 27, 1912.   Order allowing mother to take Ralph Bailey. Judgment that Lawrence and Susie Bailey are put in the hands of probation officers. for the best interests of the children.

Jan. 13, 1913.   Another order made, confining Mrs. Bailey in county jail for 10 days for contempt of court, and suspending sentence.

Jan. 26, 1913.   Filed order of adoption, giving said children to C. E. Kenagy and wife. Issued certified copy of order.

The respondents thereupon offered in evidence in the support of the allegations of their return an order of the superior court of Maricopa county made on February 19, 1913, which was objected to, the objection overruled, and the same received. The order is as follows:

"In the Superior Court of the State of Arizona, in and for the County of Maricopa.

"In the Matter of the Neglected Children, Ralph Bailey, Lawrence Bailey, and Susie Bailey.

"Order.

"Hearing having been had this day upon the petition of Vernon L. Clark, a resident of said county, alleging that the above-named children, including Susie Bailey, are neglected children; that the said Susie Bailey is under the age of 18 years, to wit, of the age of 5 years, and witnesses having been sworn and examined in regard to the allegations of said petition, and it appearing from the evidence received by the court, that the said Susie Bailey is under the age of 18 years, to wit, of the age of 5 years, that the parents of the child are living separate and apart from each other, and are not fit, by reason of vicious and dissolute habits, to have the care and custody of said child, and one C. E. Kenagy and wife are fit and proper persons to have the care and training of said children, and the court being fully and sufficiently advised in the premises it is ordered and adjudged that the said C. E. Kenagy and wife adopt said child Susie Bailey, and from this time

forward the said child shall be treated by C. E Kenagy and wife in all respects as their own lawful child, and shall bear toward each other the relationship of parents and child.

"Dated this 19th day of February, 1913.

"[Signed.]"

Thereupon the respondents offered the petition of Vernon L. Clark, verified by him under date of June 20, 1911, entitled:

"In the District Court of the Third District of the Territory of Arizona in and for the County of Maricopa: In the Matter of the Neglected Children. Ralph Bailey, Lawrence Bailey, and Susie Bailey."

The petitioner interposed an objection upon the grounds that it does not appear that the petitioner had notice or knowledge of said proceedings or the filing of the petition. The objection was overruled, and the evidence received. The said petition is verified upon information and belief, and alleges that the petitioner Vernon L. Clark is a resident and citizen of the county of Mariposa; that he is informed and believes and so alleges, that Ralph, Lawrence and Susie Bailey are neglected children of the age of one, two and four years, respectively; that the father and mother are separated, the father not being a resident of said county, and the mother living at Phoenix, Arizona, living a dissolute and dissipated life, leaving her children to the care of the neighbors or unattended in her house and bringing to them at their own house vicious and immoral surroundings, praying that an order be made, providing for the adoption of said children to some suitable person, either within or without the territory of Arizona, and for such other relief as may be required in the premises.

No other or further evidence was offered or received in the case. The court adjudged the return sufficient, and ordered that the writ of *habeas corpus* be denied. From which order and from an order refusing a new trial petitioner appeals.

Mr. I. D. Shamhart, for Appellant.

Mr. Joe Porter, for Appellees.

CUNNINGHAM, J.—The respondents' return to the warrant issued in this case was deemed and treated by the parties and

the court as denied, and the issues tried as upon a return to the writ of *habeas corpus*. No question was raised upon the sufficiency of the denial to raise issues for trial. The petitioner, this appellant, does not controvert the alleged facts that the child Susie Bailey was a neglected child at the time of the filing of the original petition, June 20, 1911, nor at any subsequent date of the proceedings. The contested question is the effect to be given the order made February 19, 1913, and whether the order of the superior court made on that date is a valid order of adoption. The appellant contends that such order is invalid because the court making the order acquired no jurisdiction over the necessary parties to that proceeding, while respondents contend that the order was made with full jurisdiction, and is valid; also that they have the legal, exclusive right to the care, custody and control of the child, by reason of this and other orders of the juvenile court awarding the child to respondents. This contention is denied by petitioner. Upon the trial the "court or judge shall . . . proceed in a summary way, to hear such allegations and proof as may be produced against such imprisonment or detention, or in favor of the same, and to dispose of such party as the justice of the case may require." Section 1356, Ariz. Pen. Code 1913. The appellant offered no proof against such detention, but relied upon the insufficiency of the proofs offered by the respondents in favor of such detention. The proofs so offered consist of the entry made by the court commissioner under date of June 20, 1911, and June 27, 1911; the entries made by the clerk of the district court bearing date of June 27, 1911, November 30, 1912, December 27, 1912 and January 26, 1913; the petition presented to the court commissioner by Vernon L. Clark on June 20, 1911, and filed by the commissioner in the district court on June 27, 1911, and the order of adoption made on February 19, 1913.

Clearly, the entry made by the court commissioner on June 20, 1911, only expresses that officer's understanding of the contents of the petition, and is incompetent for any purpose upon the production of the petition. The petition was produced and speaks for itself as to its contents. The entries made by the court commissioner and by the clerk of the district court prove no fact, except they tend to prove that papers were filed and orders were made on the dates appear-

ing. They do not prove nor tend to prove the contents of either the papers filed nor the orders made. The contents of such papers and orders must be proven either by the documents themselves, if in existence, if not by other secondary evidence. No effort was made to show the loss of the orders so as to admit secondary proof of their contents. The only competent evidence offered by respondents in support of their return consists of the petition of Vernon L. Clark filed in the district court June 27, 1911, and the order of adoption entered by the superior court, February 19, 1913.

The petition is drawn under chapter 78, Laws of 1907, and seeks to bring before the court the children therein referred to, to be dealt with as neglected or dependent children as defined in section 1 of said act. The petition prays that the children be adopted by fit and proper persons. The question is whether the court upon such petition has power to decree the adoption of a neglected child without giving the parents or person standing in the place of the parents such as a guardian, a chance to be heard and consent to the order. To say that a child is a neglected child necessarily concedes that such child has been neglected by someone whose duty it is to care for the child, either as parent, custodian or guardian. Chapter 78, Laws of 1907, and amendments, confers upon the district court and its successor, the superior courts, exclusive original jurisdiction "in all proceedings which may be brought before them affecting the treatment and control of dependent, neglected, incorrigible and delinquent children under the age of sixteen years. . . . " It was this jurisdiction that was invoked by the filing of the petition in this cause. By section 5, chapter 78, Laws of 1907, the court is authorized after a hearing to "make such order for the commitment and custody and care of the child as the child's own good and best interests of the territory (state) may require; and may commit such child to the care of its parents, subject to the supervision of the probation officer, or to some suitable institution, or to the care of some association willing to receive it, or the care of some reputable citizen of good moral character, or to the care of some training school, or to the Territorial Industrial School. . . . " By authority of section 6, chapter 78, *supra,* if the child is awarded to the care of any association or individual in accordance with that law, "unless other-

wise ordered,'' the child shall ''become the ward and be subject to the guardianship of the association or individual to whose care it is committed.'' Such association or individual may be made party to any proceedings for the legal adoption of the child, and may appear in any court where such proceedings are pending and assent to such adoption, and such assent shall be sufficient to authorize the court to enter the proper order or decree of adoption.

The jurisdiction of the judge of the district court with regard to the neglected child over which it had acquired jurisdiction was extended by section 4 of chapter 57, Laws of 1909, so that in addition to the authority to make orders affecting the treatment and control of dependent, neglected, incorrigible and delinquent children, the further authority was conferred upon such court ''to issue letters of adoption of any such child to any person of whose fitness to adopt the child the court shall be satisfied and when the court shall deem it to be for the best interest of the child so to be adopted.'' The authority to award the care, custody and control of a neglected child is placed exclusively in the judge of the district court while acting as the judge of the juvenile court. The court's jurisdiction is invoked by the filing of a petition by a citizen resident of the county alleging that the child is a neglected child. The jurisdiction extends to making orders for the care, custody and control of the child, and in the exercise of this jurisdiction the court may appoint some association or individual as the child's guardian, subject to a change when the good of the child may require. The jurisdiction conferred upon the court by section 4 of chapter 57, Laws of 1909, to issue letters of adoption does not intimate the procedure by which this jurisdiction shall be invoked. When the court has determined that the child is within the class defined as a neglected child, and thereby acquired jurisdiction over the person of the child and awarded the custody of the child to some of the agencies mentioned in the statute, it is quite clear that the same procedure that invoked the jurisdiction for such purpose would not invoke the jurisdiction to enter an order of adoption, because the party who is given the care, custody and control of the child under the first procedure is made the guardian of the child, and may be made a party to the proceedings for the legal

adoption, and may enter the assent to the adoption necessary to authorize the court to make the proper order of adoption by the express words of section 6 of chapter 78, Laws of 1907, of which statute section 4 of chapter 57, Laws of 1909, is amendatory. The effect of the amendment becomes clear when the last clause of paragraph 3565, Revised Statutes of Arizona of 1913, is examined, which takes its place in the compiled laws. That clause in the compilation is a legislative construction of the statutes upon the subject as well as an enactment, and is as follows:

"Authority is hereby conferred upon said court to issue letters of adoption of any such child in accordance with the laws of Arizona relating to adoption."

Section 6 of chapter 78, Laws of 1907, as amended by section 4, chapter 57, Laws of 1909, can stand no other interpretation than conferring upon the judge of the juvenile court authority to issue letters of adoption of any neglected child brought before him under chapter 78, Laws of 1907, in accordance with the laws relating to adoption.

At the time the order of adoption was made the laws relating to adoption required that:

"The person adopting a child and the child adopted and the other person, if within or residents of this territory, whose consent is necessary, must appear before the probate judge [in this case the judge of the juvenile court] of the county where the person adopting resides; and the necessary consent must thereupon be signed and an agreement be executed by the person adopting, to the effect that the child shall be adopted and treated in all respects as his own lawful child should be treated. If the persons whose consent is necessary are not within or are not residents of this territory, then their written consent, duly proved or acknowledged, as deeds or conveyances are acknowledged, shall be filed in said probate court at the time of the application for adoption." Paragraph 2041, Ariz. Rev. Stats. 1901.

The persons whose consent to the adoption of a child is necessary are: The parents of the child, except when either or both have been deprived or his or her civil rights, or adjudged guilty of adultery or cruelty and for either cause divorced, or adjudged to be habitual drunkard, or who has been judicially deprived of the custody of the child on account of

cruelty or neglect; or when the child has been kept and maintained by or within any regular established orphans' asylum or other like establishment for more than two years; or at any time if the child has been relinquished to such institution by an instrument in writing (paragraph 2039, Ariz. Rev. Stats. 1901); or if the parents are unknown and the child has been domiciled within the state two years (chapter 21, Laws of 1907); or when the court has awarded a dependent child to the care of any association or individual in accordance with the provisions of chapter 78, Laws of 1907, and the child has thereby become the ward of such association or individual to whose care it has been committed (section 6, chapter 78, *supra*). If the matter falls within any of the exceptions, the consent of the person having the custody of the child must be had, whether the child has been judicially awarded or voluntarily assumed, whether such person be an association, society, individual or officer of the court; or the guardian of the child. The authority by which the court makes the order of adoption is the consent of the person adopting, of the person standing in the place of the parent having the custody of the child, and of the child if over 14 years of age. The consent of the parents or of the person standing in place of the parents must be in writing and filed, and all such persons must be present in court, or their written, acknowledged consent filed there. The proceeding must be a voluntary one in all respects, otherwise the court has no authority to make the order. The fact that such assent was given by any person authorized by law to give it was not alleged in the return, and does not appear in the evidence produced. The order of adoption recites as its basis that the child was a neglected child of the age of five years, that the parents are living and are not fit and proper persons to have the care, custody and control of the child, and that the respondents are fit and proper persons to have such care and training of the child, and thereupon orders that respondents adopt the child. Upon the face of the order it appears that the court has no authority to decree the adoption of the child, but its authority extended only to making an order awarding the care, custody and control of the child to respondents as that of guardian.

Such effect only can be given to the order introduced in evidence. Under such order, nothing further appearing, the respondents have the legal custody of the child as a ward and have shown a right to retain the child, not as an adopted child, but as a ward until further order of the court.

The return and evidence in support thereof is sufficient to show that the respondents' custody of the child as the custody by a guardian of his ward is legal and authorized by law, and therefore the judgment refusing to discharge the child must be affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

NOTE.—On the validity of adoption without consent of natural parents, see note in 30 L. R. A. (N. S.) 146.