[Civil No. 2727. Filed May 14, 1928.]

[267 Pac. 420.]

MIRIAM BUGBEE and CLINTON H. BUGBEE, Husband and Wife, Petitioners, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA, JOSEPH S. JENCKES, Judge, and the ROOSEVELT IRRIGATION DISTRICT, a Corporation, Respondents.

Mr. James E. Nelson, for Petitioners.

Messrs. Armstrong, Lewis & Kramer, for Respondents.

ROSS, C. J.—The Roosevelt Irrigation District, a corporation organized under the laws of the state

(chapter 149, Laws 1921 and amendments thereto) for the purpose of supplying water for the irrigation of certain lands of such district, instituted in the Superior Court of Maricopa county a suit, against Miriam Bugbee and Clinton H. Bugbee and others, to condemn a right of way for its proposed canal over the Bugbees' farm. On the application of the irrigation district to be put into immediate possession of the property, a hearing was had before the court, at which all interested parties were present. The court heard evidence as to the probable damages to the land, and fixed such damages at $3,500, and directed that double that amount be deposited with the clerk of the court to be disposed of in accordance with the terms of paragraph 3080, Civil Code of 1913, such paragraph being a part of the eminent domain statute. The $7,000 was deposited with the clerk, and the irrigation district was by the court's order let into the possession and full use of the right of way, consisting of 2.7 acres.

The Bugbees thereupon applied to this court for a writ of *certiorari* against the Superior Court and the Roosevelt Irrigation District, alleging as a ground and reason therefor, that the provisions of paragraph 3080, *supra,* giving plaintiff in a condemnation proceeding, before the payment of damages or the ascertainment thereof, the right of immediate possession and use, is unconstitutional and void, and that all proceedings thereunder were without and beyond the court's jurisdiction.

This contention requires inquiry into the meaning of the following sentence, found in section 17, article 2, of the Constitution:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, and no right of way shall be appropriated

to the use of any corporation other than municipal, until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation which compensation shall be ascertained by a jury, unless a jury be waived as in other civil cases in courts of record, in the manner prescribed by law.''

It is plain from this provision that the court's order, putting the Roosevelt Irrigation District into the immediate possession of the property before the damages were paid or ascertained, is void, unless such district is a municipal corporation within the meaning of such provision. ''Any corporation other than municipal'' cannot appropriate a right of way ''until full compensation therefor be first made,'' etc. This is to say that a municipal corporation can be put into possession under proper proceedings before compensation is made or ascertained. If we should give to the word ''municipal'' its primary meaning, only cities and towns would be privileged to take immediate possession of a desired right of way pending condemnation. 19 R. C. L. 691, § 3. In its restricted sense ''municipal'' does not include the state, or a county, or a school district, and yet the reason that cities and towns should be favored applies as well to these other public *quasi*-municipal corporations. ''Municipal'' in its present context has a very much broader meaning than its primary or that ordinarily given. It certainly comprehends the state, counties, and school districts as well as cities and towns. It was doubtless intended that when the public, as contradistinguished from private interests, needed a right of way, it might be put into immediate possession and the matter of damages cared for when funds were available for that purpose. Public or municipal corporations procure their revenues through taxation, and can make public improvements or pay for rights of way only

after being thereunto authorized. Private corporations are not hampered in this way. Many of the western states have laws providing for the organization of irrigation districts for the purpose of reclaiming their arid lands, and, without citing or reviewing the cases, it has many times been decided that these irrigation districts are for certain purposes municipal corporations, depending, of course, upon the context and the purpose of the law in which such meaning was given.

In *Fallbrook Irrigation District* v. *Bradley,* 164 U. S. 112, 159, 41 L. Ed. 369, 389, 17 Sup. Ct. Rep. 56; 63, is this statement:

"The Supreme Court of California has held in a number of cases that the irrigation act is in accordance with the state Constitution, and that it does not deprive the landowners of any property without due process of law; that the use of the water for irrigating purposes under the provisions of the act is a public use, and the corporations organized by virtue of the act for the purpose of irrigation are public municipal corporations organized for the promotion of the prosperity and welfare of the people. *Turlock Irr. Dist.* v. *Williams,* 76 Cal. 360, 18 Pac. 379; *Central Irr. Dist.* v. *De Lappe,* 79 Cal. 351, 21 Pac. 825; *Re Madera Irr. Dist. Bonds,* 92 Cal. 296, 27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 675."

The holdings of the California court are typical of those of the western states.

The provision of our Constitution quoted above is almost exactly *verbatim* that of section 16, article 1, of the Constitution of the state of Washington. It is probable that ours was copied from Washington. In *Lincoln County* v. *Brock,* 37 Wash. 14, 79 Pac. 477, where the question was as to whether a county was a municipal corporation, the court stated:

"We construe the words 'any corporation other than municipal,' in said section, as referring to

private corporations only, and, as distinguished therefrom, excluding all public or political corporations.''

That was a condemnation proceeding, as is this.

It follows that paragraph 3080, *supra,* in authorizing the court to let the applicant in a condemnation proceeding into immediate possession and use of property when the applicant is an irrigation district such as the respondent, does not contravene section 17, article 2, of the Constitution, because such irrigation districts are for such purposes municipal corporations.

It may be suggested that in *Day* v. *Buckeye Water Conservation & Drainage District,* 28 Ariz. 466, 237 Pac. 636, the holding does not accord with our present view. In that case the question was as to whether an irrigation district could become a shareholder in an irrigation company organized to supply the district with irrigation water, and we held that section 7, article 9, of the Constitution, forbidding the state or any county, city, town, municipality, ''or other subdivision of the state'' from loaning or giving its credit, etc., did not preclude the irrigation district from co-operating with the irrigation company in the manner stated, since the irrigation district was thereby doing the very thing it was created to do, to wit, arranging for a supply of water for its members. The holding was, in effect, that the means and methods the district adopted in procuring water for irrigation were not violative of the Constitution. In other words, although the irrigation district was a subdivision of the state, the restriction in the Constitution was not intended to apply to it in the method of carrying out its object of supplying water—a matter of purely private concern.

The writ should be quashed, and it is so ordered.

LOCKWOOD and McALISTER, JJ., concur.