## JAMES FORSYTHE v. CITY OF SOUTH ST. PAUL.[1]

June 7, 1929.

No. 27,392.

[1]Reported in 225 N. W. 816.

*Warren Miller,* City Attorney, for appellant.
*Alfred Joyce,* for respondent.

OLSEN, C.

Appeal by defendant from an order denying its alternative motion for judgment or a new trial.

In 1919 the defendant city, in grading a street known as Camber avenue, adjacent to lots owned by the plaintiff, made a cut in the street, whereby the lateral support of plaintiff's lots was partly removed. This caused a material part of the surface soil of three of plaintiff's lots to slide into the street, from which such soil was removed by defendant. Defendant also entered upon a part of the lots adjoining the street and made a slope back from the street, removing material therefrom for that purpose. The soil of the lots was sandy; and, since the grading of the street, water from rainfalls and melting snow has, from time to time and continuing up to the time of this action, caused further erosions on the three lots, extending on one of them up to and into an alley separating these lots from other lots owned by plaintiff. To prevent further erosion of the alley, defendant some years later built an embankment or retaining wall in and along the side of the alley. This embankment is alleged to have caused water to accumulate and stand upon plaintiff's property located across the alley. For damages to his property caused by the removal of the lateral support, the erosions and flooding, and erosion of the alleyway, plaintiff brought this action. The defendant has never actually occupied or claimed any title to or right to occupy any part of plaintiff's lots. Plaintiff does not claim, and the evidence does not show, any actual taking or appropriation of any part of his property by the defendant, except in

the limited sense that defendant hauled away the sand and soil that fell or was eroded into the street by reason of the street's being cut down to grade, and some soil that was removed in making a slope back from the street. There were no condemnation proceedings. Plaintiff alleges in his complaint that he is now, and has been during all the times in question, "the owner of and in possession of all of said lots." In the complaint, in addition to asking for damages, plaintiff also prayed for an injunction to enjoin defendant from removing any further sand or material from the lots and to abate and enjoin further erosion thereon. But the action was tried as one for damages only, and no equitable relief was or is asked.

The defendant by its answer set up the six-year statute of limitations. At the trial it objected to any evidence of damages occurring more than six years before the commencement of the action and excepted to the overruling of such objections. The trial court by its charge permitted the jury to allow damages for injury to the lots caused more than six years prior to the commencement of the action, as well as those caused within that period, and refused defendant's requests to instruct the jury to limit the damages to those caused within the six-year limit. The charge so given, and the refusal to give the instructions requested, were properly assigned as errors in the motion for a new trial.

The question presented by the appeal is whether the six-year statute of limitations applies. We think it does. The action cannot reasonably be held to come within G. S. 1923 (2 Mason, 1927) § 9187, limiting the time for recovery of real estate or the possession thereof to 15 years. Neither the title to nor the possession of any real estate is involved in the action. In part, it is an action to recover for trespass. The other part is to recover for consequential injuries to real property, which may or may not amount to trespass. In either case, damages accruing more than six years before suit would seem to be barred by G. S. 1923 (2 Mason, 1927) § 9191; actions for trespass, or in the nature of trespass, by subdivision 3; and other actions for damages, by subsection 5. Subsection 5 is in the nature of a residuary clause or provision governing actions for torts not elsewhere enumerated. In Virtue v. Creamery Package

Mfg. Co. 123 Minn. 17, 37, 142 N. W. 930, 1136, L. R. A. 1915B, 1179, 1195, the court, in speaking of subsection 5, states: "It is sufficient to say that the provision of subdivision 5 of section 4076 is the general provision applicable to torts, both against person and property." The reference there was to R. L. 1905, but there has been no change since in the section.

The action may well be held an action sounding in trespass. In the case of Adams v. H. & D. R. Co. 18 Minn. 236 (260), for consequential injury to real estate caused by unlawful occupation of part of the street adjoining same, the action was held an action for trespass.

Plaintiff's counsel contends that, because the defendant is a municipal corporation with power to condemn property for streets, slopes, and other public purposes, therefore it had the right to enter upon or damage plaintiff's property even without any condemnation proceeding, and was not a trespasser or wrongdoer; hence there was no tort. It is then further argued that damages for these injuries should be treated as damages arising in a condemnation proceeding, and that, because plaintiff would have 15 years under our statute to recover real property actually taken and occupied by the city without paying compensation therefor, the plaintiff should have the same length of time to recover damages for injury to his property, although not actually taken or detained from him. There are some cases from other states giving more or less support to this theory. Without searching out the constitutional provisions of such states, it may be pertinent to refer to our own constitution, which provides that private property shall not be taken, destroyed or damaged for public use without just compensation therefor first paid or secured. It seems quite clear that under this provision any such taking or injury is a trespass or tort unless compensation is first paid or secured.

Most of the citations from other states are cases where property was actually taken for public use. In such cases it is clear that the owner can maintain an action for the recovery of the property within the time limited by statute for the recovery of real property.

The case of Aylmore v. City of Seattle, 100 Wash. 515, 171 P. 659, L. R. A. 1918E, 127, is cited on the proposition that where the municipality takes and retains possession of property for public use, without condemnation thereof, the owner may maintain an action for compensation at any time before the municipality has gained title by adverse possession. The action was to recover possession or, in the alternative, to recover the value of the property taken. The court held that [100 Wash. 517]:

"The city has not damaged appellants' property, but has actually taken it from them. They are not proceeding to recover for an injury to property, but are seeking to obtain just compensation in the way of payment for private property actually taken and devoted to public use."

As to an action for damages to private property, the court quotes with approval from Lewis on Eminent Domain [(3 ed.) § 968] as follows:

"Whenever there is an unlawful entry upon property for the purpose of appropriating it to public use, or whenever it is injured by the construction or operation of public works, so as to afford the owner a cause of action, the owner may have redress by any of the appropriate common law remedies, and the general statute of limitations will apply thereto."

The case is immediately followed by Jacobs v. City of Seattle, 100 Wash. 524, 171 P. 662, L. R. A. 1918E, 131, where the same court held that an action for damages to private property, where the property was not taken, was barred by the general three-year statute of limitations.

The case of Faulk v. M. R. & N. W. Ry. Co. 28 S. D. 1, 132 N. W. 233, Ann. Cas. 1913E, 1130, cited by respondent, is a case where land was actually taken by the railway company and permanently occupied by it for its roadbed and right of way. The plaintiff, in effect, sought to compel the railway company to condemn the land taken and to recover the value thereof. The court sustained plain-

tiff's claim and held that, as he had not theretofore been divested of title to the land, he could compel condemnation and recover the value of the property taken, and that the action was not barred by the general six-year statute of limitations, but came under the statute limiting actions to recover possession of real property.

In the case of Skinner v. G. N. Ry. Co. 129 Minn. 113, 151 N. W. 968, the general statement is made that where there is a continuing injury there is a right to recover for damages accruing for six years prior to suit brought. That was an action for recurring floodings of land caused by a railway embankment.

In this state, an action for damages for injury to real property, as distinguished from an action to recover the property or its possession from one holding it adversely, appears to have always been considered as coming within the six-year statute. Our attention has not been called to any decision to the contrary.

The rule in other states appears to be that their general limitation statutes apply to such cases. C. & E. I. R. Co. v. McAuley, 121 Ill. 160, 11 N. E. 67; Moore v. Lawrence County, 143 Ky. 448, 136 S. W. 1031; Webber v. Salt Lake City, 40 Utah, 221, 120 P. 503, 37 L.R.A. (N.S.) 1115; Southern Ry. Co. v. Fitzpatrick, 129 Va. 246, 105 S. E. 663; Kinney v. Town of West Union, 79 W. Va. 463, 91 S. E. 260; Southern I. Ry. Co. v. Brown, 30 Ind. App. 684, 66 N. E. 915; Gardiner v. B. & W. R. Corp. 9 Cush. 1; Kehres v. City of New York, 162 App. Div. 349, 147 N. Y. S. 825; Eagle & Phoenix Mfg Co. v. Gibson, 62 Ala. 369.

Defendant concedes that plaintiff is entitled to recover such damages as accrued within six years before the suit was commenced. There appear to have been recurring injuries continuing during that time. For such continuing injuries it is well established in this state that damages may be recovered within the six-year period.

For errors in admitting evidence of damages accruing more than six years prior to suit and permitting the jury to award damages therefor, the order denying the motion for a new trial is reversed and a new trial granted.

Order reversed.