Charles S. Ringwood, J.
“Jane” Moran was born September 22, 1958 in the Glens Falls Hospital, Glens Falls, New York, the daughter of John Moran and Joyce Moran, who, at that time, resided at 84 Montcalm Street, Glens Falls, New York.
On the same day as the birth, the Warren County Welfare Commissioner filed a petition in this court alleging that “ Jane ” Moran was a neglected child because of “ having bc-en born to John Moran and Joyce Moran who have exhibited a definite pattern of neglect of their children, therefore, * * *
is without proper guardianship and a child whose parents by reason of cruelty are unfit to properly care for such child so that it is now in such condition of want and under such improper guardianship and control as to endanger its health ’ ’.
The child was on that day remanded to the temporary custody of the Commissioner of Public Welfare pending a hearing.
The petition recites the previous records of this court wherein six other children of these parents were found to be neglected. Four of these were injured physically by the mother and one of the four died during the pendency of the last neglect proceeding.
The parents claim that “ Jane ” Moran could not have been a neglected child on September 22, 1958 because she was a patient in the Glens Falls Hospital getting good care and medical attention; that she was not as yet living at. home with the parents and, therefore, she could not be neglected as defined by subdivision 4 of section 2 of the Children’s Court Act. The pertinent portions of subdivision 4 are as follows: “4. Neglected child means a child (a) who is without proper guardianship; (b) whose parent, guardian or person with whom the child lives, by reason of cruelty, mental incapacity, immorality or depravity is unfit to properly care for such child; * * * (e) whose parent, guardian or custodian neglects or refuses, when able to do so, to provide necessary medical, surgical, institutional or hospital care for such child”. (Italics are mine.)
*632 Although this child was a patient in the hospital, she was not a resident of the hospital nor did she live there within the meaning of this definition. Until such time as her natural guardians or the proper authorities made some other plan, her home was 84 Montcalm Street, Glens Falls, New York. This was her residence and if this home was, at that time, ruled by improper, cruel parents who might injure said child soon after its arrival at the home, then that child is a neglected child. It cannot be argued successfully that under the conditions that the records in this case reflect, that the child should be allowed to return home to await the evidences of cruelty for the fifth time.
One’s residence has been the subject of endless decisions and this term has many different legal meanings for various purposes, i.e., taxes, voting, servicemen’s, rights and matrimonial problems. I do not find any New York State decisions covering the question of residence for the purpose of satisfying the requirements of the definition of neglect, therefore, I find that this child was a legal resident of her parents’ home on September 22, 1958 and also for the purposes of subdivision 4 (supra) living with them.
The numerous out-of-State cases cited in the respondents’ brief are not contrary to this holding. The respondents cite Matter of Bailey v. Kenagy (16 Ariz. 272, 273 [Headnote]) where the court held ‘ ‘ That the term ‘ neglected child ’ implied neglect by some one bound to care for it either as parent or guardian.” Certainly the parents in this case were the people who were bound to care for it.
There has been an objection to the introduction of evidence of the prior acts of neglect as having no bearing on the neglect here. The question to be decided is whether or not the parents are cruel people or improper guardians. To find out what kind of people the parents are, one has to have proof of their background. It is somewhat analogous to the necessity for proving prior vicious tendencies of an animal. The situation in the case at bar is no different than prior cases in the same family where two of the uninjured children were taken from the parents because their health was endangered as evidenced by the injuries to the others.
“ Jane ” Moran is a neglected child. Enter order discharging her to the Commissioner of Public Welfare of Warren County. The case is adjourned to December 12, 1958 at 10:00 a.m. for a hearing on the question of financial contribution by the respondents for the support of the child.