412 P.2d 467

**William L. RUTLEDGE and Velora A. Rutledge, husband and wife, Appellants,**

**v.**

**The STATE of Arizona, Appellee.**

No. 8483.

Supreme Court of Arizona,

En Banc.

March 24, 1966.

Rehearing Denied April 19, 1966.

Dunseath, Stubbs & Burch, Tucson, for appellants.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Stanley Z. Goodfarb, Sp. Asst. to Atty. Gen., for appellee.

McFARLAND, Justice:

William L. Rutledge and Velora A. Rutledge, appellants, hereinafter designated plaintiffs, filed a complaint in inverse eminent domain seeking compensation for loss of access to their land in Superior Court, Pima County, against the State of Arizona on November 26, 1962. Plaintiffs appeal from the granting of a motion for summary judgment in favor of the state.

Plaintiffs are the owners of Lot 14, Block 9, Sunset Villa Addition, Tucson, Arizona. On June 8, 1954, the state completed construction of a portion of a controlled-access freeway. The northeast edge of the freeway right-of-way is immediately adjacent to the southwest corner of plaintiffs' land, as indicated by the following diagram of the property and its relationship to adjacent streets and the freeway:

Thirty-ninth Street going west was intercepted and blocked by the freeway, as shown by the following aerial photograph, and between Ninth and Eighth Avenues dedicated but not developed. Ninth Avenue was also dedicated but not developed. The

freeway has thus prevented plaintiffs from going west. Plaintiffs' only route from their property, therefore, is either over the undeveloped portion of Ninth Avenue, or east on the undeveloped portion of Thirty-ninth Street. Ninth Avenue is eighty feet from their property. Plaintiffs' property is outlined in white in the photograph, showing its relationship to the adjacent physical features and the freeway.

The summary judgment of the lower court provided as follows:

"* * * [T]hat Defendant's motion for summary judgment in favor of Defendant is granted for the reason that Plaintiffs' cause of action arose on or before June 8, 1954 but their Complaint was not filed until November 26, 1962 so that there being no allegation of direct physical invasion of Plaintiff's property, Plaintiffs' cause of action is barred by A.R.S. Sec. 18–158."

Section 18–158, Arizona Revised Statutes, provides:

"Actions against state concerning lands taken or damaged in construction of highway; limitation

"An action brought to recover possession of or to clear title to real property claimed by the state, or any legal subdivision thereof, as a public highway, or an action brought to recover compensation or damage for property taken or damaged in or for the construction of a public highway, shall be commenced within two years after the cause of action has accrued and not afterwards."

It is the contention of plaintiffs that A.R.S. § 18–158 is in conflict with Article II, Section 17, of the Arizona Constitution, A.R.S., and is therefore unconstitutional.

"§ 17. Eminent domain; just compensation for private property taken; public use as judicial question

"Section 17. * * * No private property shall be taken or damaged for public * * * use without just compensation having first been made, or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation other than municipal, until full compensation therefor be first made in money, or ascertained and paid into court for the owner, * * *."

The question presented is whether the alleged damage to plaintiffs' property was such as would come within the constitutional provision requiring that "[n]o private property shall be taken or damaged for public * * * use without just compensation having first been made, or paid into court for the owner * * *." It is the contention of plaintiffs that the building of the highway in question constituted a taking of their easement of ingress and egress. It is evident from the diagram and aerial photograph of the property that, since plaintiffs could not proceed west on Thirty-

ninth Street because of the freeway, either Ninth Avenue would have to be developed by the plaintiffs or the City of Tucson north to Thirty-eighth Street, or Thirty-ninth Street east to Eighth Avenue to permit them to go in and out of their property on a public thoroughfare.

We held, in State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P.2d 988, in overruling our previous decision in In re Forsstrom, 44 Ariz. 472, 38 P.2d 878, that damage to the easement of an owner of property abutting a public highway is compensable:

"* * * The rule to the contrary, supported by the weight of authority, is based upon the fact that an abutting propery owner to a highway has an easement of ingress and egress to and from his property which constitutes a property right. Our State Constitution, Art. 2 § 17, A.R.S., prohibits the taking or damaging of private property for public use without just compensation. It follows that the State can neither take nor damage said easement of ingress or egress of an abutting property owner without just compensation." 87 Ariz. at 324, 350 P.2d at 991.

It will be noted, in the instant case, that the right of ingress and egress on Thirty-Ninth Street, which plaintiffs' property abuts, was not taken or damaged. There was no physical invasion of plaintiffs' property. We have held there is no compensable damage to an abutting property owner resulting from limitation of the direction of traffic flow to one way. Rayburn v. State, 93 Ariz. 54, 378 P.2d 496. Assuming, without deciding that there was damage, it was incidental to the construction of the freeway. A constitutional provision such as Article II, § 17, does not contemplate damage incidental to the building of a highway where there is no physical invasion of the plaintiffs' property. Other states have made distinctions under similar constitutional provisions where there is no direct physical invasion of the property. Forsythe v. City of South St. Paul, 177 Minn. 565, 225 N.W. 816. Any other interpretation would require the state to anticipate any and all damages that might indirectly occur to property and the payment of money in court before a highway could be constructed. For the reason the state cannot anticipate all claims for such damage that might indirectly occur from the building of a highway, the legislature passed A.R.S. § 18–158, which placed a 2-year limitation for commencement. of suit for recovery of such damages. The state, in answer to plaintiffs' contentions, contends that A.R.S. § 18–158 is an adverse-possession statute. However, because there was no allegation of direct physical invasion of plaintiffs' property, the lower court held the action was barred by A.R.S. § 18–158, in effect holding that the allegation

was that of incidental damage rather than a physical invasion of plaintiffs' property rights.

Plaintiffs contend that A.R.S. § 18–158 is unconstitutional, stating it is in conflict with Article II, § 17, which provides that no private property shall be taken or damaged for public use without just compensation having first been made, or paid into court. In Maricopa County Municipal Water Conservation District No. 1 v. Warford, 69 Ariz. 1, 206 P.2d 1168, cited by the plaintiffs, we held a claims statute based on liability created by statute was not applicable for the reason that an artificially-created diversion channel built by the District, which caused flooding of the plaintiffs' land constituted "the taking of an easement" and for this reason no period short of the prescriptive period of ten years would defeat an action for compensation. The Warford case is not applicable to the instant case for the reason that here there is no taking or physical invasion of plaintiffs' property.

The question presented in the instant case is whether the state may limit the time in which an action for incidental damages may be brought. Although nearly all the eminent domain statutes in this state were adopted from California (City of Phoenix v. Donofrio, 99 Ariz. 130, 407 P.2d 91), this court has repeatedly held that Article II, Sec. 17 of the Constitution, supra, is similar

to the eminent domain provision of Washington, and we have followed the construction placed thereon by the Washington Supreme Court. Maricopa County Municipal Water Conservation District No. 1 v. Warford, supra; Cienega Cattle Co. v. Atkins, 59 Ariz. 287, 126 P.2d 481; Ramirez v. Electrical District No. 4, 37 Ariz. 360, 294 P. 614; Bugbee v. Superior Court, 34 Ariz. 38, 267 P. 420.

The Washington Supreme Court was faced with a situation similar to that presented in the instant case in Ackerman v. Port of Seattle, 55 Wash.2d 400, 348 P.2d 664, 77 A.L.R.2d 1344, which both plaintiffs and the state cite as supporting their positions. The plaintiffs contend since this case holds there was an actual taking it supports their position. We agree with plaintiffs there were two issues. One issue dealt with the air easement. There was an airport adjoining the plaintiffs' land. The court held the flying of planes over their lands constituted a taking of the air easement. However, the second issue was the damage from noise in the warming up of planes next to the plaintiffs' property. The court, in disposing of this issue, stated:

"* * * We have held that an action for constitutional taking is not barred by any statute of limitations and may be brought at any time before title to the property taken is acquired by prescription. The prescriptive period in this

**180**

state has been held to be ten years. [Cases cited.] * * *

* * * * * *

"Admittedly, we have indicated that where property is not actually appropriated, but is merely damaged, the three-year statute of limitations (RCW 4.16.-080(3) ) might well be applicable. [Cases cited.] *This court has never recognized the doctrine of acquisition of a prescriptive right to commit damage to property in the absence of an actual physical invasion of the property. Therefore, to prevent stale claims, a reasonable statute of limitations may be applied as to even a constitutional right, as was suggested in Kincaid v. City of Seattle, 1913, 74 Wash. 617, 134 P. 504, 135 P. 820. The three-year statute of limitations suggested in the above-cited cases seems to us reasonable.* Thus, we hold that, with respect to the appellants' allegations of incidental damaging caused by airplanes warming up on the airport runways, the three-year statute of limitations constitutes a bar, accord Cheskov v. Port of Seattle, 1960, [55 Wash.2d 416], 348 P.2d 673." (Emphasis supplied) 348 P.2d at 667

██ Since, in the instant case, there was no actual invasion of the plaintiffs' property, and, as we have pointed out, the alleged damage was incidental to the building of the highway, the case supports the position of the state that the two-year limitation is applicable. The legislature may impose a reasonable time within which an action must be brought to recover damages recoverable under a constitutional provision. Kincaid v. City of Seattle, 74 Wash. 617, 134 P. 504. A two-year statute of limitations is a reasonable time within which a claimant must bring his action to recover for incidental damages incurred where there is no physical invasion of his property through construction of a public highway. We therefore hold A.R.S. § 18-158 to be a valid and constitutional statutory provision wherein it provides that the action in the instant case is barred.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concurring.