475 P.2d 515

**The STATE of Arizona, Appellant,**

**v.**

**Margaret E. McManus CRAWFORD, Appellee.**

**No. 2 CA–CIV 811.**

Court of Appeals of Arizona, Division 2.

Oct. 14, 1970.

Rehearing Denied Nov. 13, 1970.
Review Denied Jan. 5, 1971.

---

Gary K. Nelson, Atty. Gen., by Peter C. Gulatto, Asst. Atty. Gen., Phoenix, for appellant.

Standage, Allen & Phelps, by Gove L. Allen, Mesa, for appellee.

HOWARD, Chief Judge.

This proceeding involves an inverse condemnation quiet title action by Crawford against the State of Arizona for an alleged taking of plaintiff's property. We refer to the parties as they appeared below. Plaintiff Crawford, claims the defendant State of Arizona, took a 200-foot right-of-way across her land for purposes of constructing a highway.

This action was first brought in the Superior Court of Pinal County where a partial summary judgment was entered in favor of the plaintiff. Defendant appealed to the Court of Appeals which reversed the summary judgment. Defendant now appeals the subsequent judgment of the Superior Court of Pinal County, Honorable E. D. McBryde, presiding.

The facts of this case are presented in our first consideration of State v. Crawford, 7 Ariz.App. 551, 441 P.2d 586 (1968).

In January of 1964 defendant, State of Arizona, entered upon plaintiff's land in order to begin construction of a highway. On April 1, 1966, plaintiff filed a complaint against the defendant for the alleged taking of the property. Defendant claims that the statute of limitations, as provided in A.R.S. § 18–158, has run which would prevent plaintiff from bringing this action. A.R.S. § 18–158 provides:

"*§ 18–158. Actions against state concerning lands taken or damaged in construction of highway; limitation*

An action brought to recover possession of or to clear title to real property claimed by the state, or any legal subdivision thereof, as a public highway, or an action brought to recover compensation or damage for property taken or damaged in or for the construction of a public highway, shall be commenced within two years after the cause of action has accrued and not afterwards."

■ The Arizona Supreme Court construed the above statute to apply only to consequential damages to property. The Court further stated that where there was a physical invasion of property without any right, a ten-year statute of limitations would apply. Rutledge v. State, 100 Ariz. 174, 412 P.2d 467 (1966). Defendant attempts to distinguish the *Rutledge* decision from the case sub judice by claiming that the ten-year statute of limitation is pertinent only when there has been an invasion without any right but that when the state enters under color of title, which they claim they have done, § 12–523 is applicable.

■ Assuming arguendo that A.R.S. § 12–523 applies, defendant's argument still fails. This section pertains specifically to those taking under color of title and provides for a three-year statute of limitations. Plaintiff's land in this case was taken when there was an actual invasion or visible taking of the property for purposes of be-

ginning construction of the highway in January of 1964. City of Tucson v. Melnykovich, 10 Ariz.App. 145, 457 P.2d 307 (1969). The bringing of this action on April 1, 1966, would then have been within the allotted time under A.R.S. § 12–523 if it were applicable.

■ The defendant claims the trial court erroneously placed the burden of proof on it to show the nature and extent of the controverted right-of-way. Plaintiff in this case offered two patents from the U. S. Government as proof of her title to the land in question. It is true that the burden of proof in a quiet title action is upon the plaintiff to show title. Saxman v. Christmann, 52 Ariz. 149, 79 P.2d 520 (1938); 44 Am.Jur. Quieting Title § 83. A patent, however, is the highest evidence of title. United States v. Stone, 69 U.S. (2 Wall.) 525, 17 L.Ed. 765 (1865); 42 Am.Jur. Public Lands § 31(a). A patent is prima facie valid; and if its validity can be attacked at all, the burden of proof is upon the defendant. Leviston v. Ryan, 75 Cal. 293, 17 P. 239 (1888). The plaintiff produced her patents as proof of title and it was the defendant's burden to show how the patents were faulty or incomplete.

■ Defendant offered secondary evidence in order to show the existence of an alleged lost map. This map purportedly exhibited the controverted extension of right-of-way and pre-dated the 1954 and 1955 issuances of patents to the plaintiff. The secondary evidence showed that one witness had observed the map in question in 1960 or 1961. Defendant claims the court must have summarily and arbitrarily rejected this testimony in order to arrive at its conclusion. Defendant claims this was error. We do not agree. It is true that secondary evidence of the contents of a document is generally admissible where it is shown that the original document has been lost. In re Bailey, 16 Ariz. 272, 144 P. 636 (1914); Udall, Arizona Law of Evidence, § 156 at 321; 29 Am.Jur.2d Evidence § 453. Testimony showed the witness had seen the map in 1960 or 1961.

This does not prove the map existed prior to that date. Proof of the existence of a present condition or state of facts does not raise any presumption that the same facts existed at a prior date. Accord, Ferran v. Jacquez, 68 N.M. 367, 362 P.2d 519 (1961); 31A C.J.S. Evidence § 140(a).

The defendant has failed to show a prior right to that claimed by plaintiff. The invasion of plaintiff's land involved a taking by the State for which plaintiff is entitled to compensation.

Judgment affirmed.

HATHAWAY and KRUCKER, JJ., concur.