George S. MARAGOS et al., Plaintiffs
and Appellants,

v.

The CITY OF MINOT, a Municipal Corpora-
tion, and The State Highway Department
of the State of North Dakota, Defendants
and Respondents.

Civ. No. 8742.

Supreme Court of North Dakota.

Nov. 12, 1971.

McGee, Van Sickle, Hankla, Backes &
Wheeler, Minot, for plaintiffs and appel-
lants.

Bosard, McCutcheon, Kerian & Schmidt,
Minot, for defendant and respondent City
of Minot.

Helgi Johanneson, Atty. Gen., and My-
ron E. Bothun, Sp. Asst. Atty. Gen., Bis-
marck, for defendant and respondent State
Highway Dept.

STRUTZ, Chief Justice.

This action was commenced against the City of Minot and the State Highway Department for consequential damages to the plaintiffs' property arising from the construction of a viaduct and the reconstruction of an intersection, both of which projects were completed in November of 1963. While the plaintiffs assert a number of specifications of error, the first issue to be considered on this appeal is whether the statute of limitations has barred the bringing of the action. If so, other specifications of error need not be considered.

The trial court issued an order dismissing the plaintiffs' complaint on the ground that the action is barred by the statute of limitations, holding that the provisions of Section 28–01–16(1), North Dakota Century Code, bars the suit. From the order of dismissal, the plaintiffs have appealed to this court and urge that the statute of limitations which should be applied in this case is Section 28–01–22, North Dakota Century Code. That section provides that actions for which no other limitation provision is made must be commenced within ten years after the cause of action accrues.

The action in this case is in the nature of an inverse condemnation proceeding. No part of the plaintiffs' property actually was taken by the defendants. The plaintiffs allege, however, that as a result of the construction of the viaduct and the reconstruction of the intersection, the plaintiffs' property suffered consequential damages, among which we find the claim that the plaintiffs' store was made less accessible to the public; that the plaintiffs' store front was constantly fouled and splattered by street mud and debris; and that persons patronizing the plaintiffs' business in wet weather were constantly in danger of being splashed with mud by passing traffic, thus injuring the plaintiffs' business. The plaintiffs allege that, as a result of the construction of the viaduct and the reconstruction of the intersection, their property was damaged and their business was less-ened to the extent that they were forced to discontinue their business.

Section 14 of the North Dakota Constitution provides, in part:

"Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner. * * *"

See also Section 32–15–22(3), North Dakota Century Code.

Thus the law provides for damages to an owner of property which will be or is damaged by the construction of an improvement, although no part of such property is taken. We have held on numerous occasions that under this constitutional provision an owner may maintain an action for the consequential damages to property not taken which result from a public use. Jamestown Plumbing & Heating Co. v. City of Jamestown, 164 N.W.2d 355 (N.D. 1968).

The provisions of this section of the Constitution are not restricted to eminent domain proceedings. It has been held that this section applies also to cases where property is damaged without the consent of the owner, even though no condemnation proceedings have been started. Donaldson v. City of Bismarck, 71 N.D. 592, 3 N.W. 2d 808 (1942). Before considering this case on its merits, therefore, we must determine whether the statute of limitations bars recovery of the damages claimed to have been suffered by the plaintiffs.

In *Donaldson, supra,* the action was for consequential damages to the plaintiff's property resulting from the establishment and operation of a city dump near the plaintiff's home, causing the atmosphere to be so badly fouled that plaintiff and his family no longer could occupy the home. The plaintiff further claimed that the value of his home was depreciated by the establishment of such dump. Although the statute of limitations was not an issue in *Donaldson,* this court pointed out that the

defendant invaded and damaged and, in effect, took a part of the plaintiff's property in January of 1939, the date when the dumpground was established. The court stated, at page 814:

"Plaintiff's right to compensation arose when his property was so invaded and damaged or taken."

In the case now before the court, it is not disputed that the construction of the viaduct and the reconstruction of the intersection were completed in November of 1963. This action was not commenced until February of 1970. Thus, the defendants assert, the plaintiffs' right of action for compensation arose not later than November 1963.

■ Section 28–01–16(1), North Dakota Century Code, provides that an action upon a contract, obligation, or liability, express or implied, must be commenced within six years after the cause of action has accrued. This court has held that an action to recover damages when property, no part of which is taken, is claimed to have been damaged by the State or its agencies in the construction of a public improvement, "is an action arising upon contract." Northern Pacific Railway Co. v. Morton County, 131 N.W.2d 557 (N.D.1964).

We reached the same conclusion in the case of Jamestown Plumbing & Heating Co. v. City of Jamestown, *supra,* when we said:

" * * * under § 14 of the North Dakota Constitution the obligation of the state to pay just compensation to the owner for the taking of or for damages to his property is, in effect, a contract to compensate for the damages. When the state takes or damages private property 'there is an implied promise to make the required compensation.' * * * "

■ Thus, under our law, the right to recover consequential damages in an inverse condemnation action is based upon the theory of an implied contract. And, under the provisions of Section 28–01–16(1), North Dakota Century Code, such action must be brought within six years of the time the cause of action accrues. Since the cause of action in this case accrued when the property was invaded and damaged, the plaintiffs' cause of action and damage, at the latest, accrued in November of 1963 when the project was completed. Since the action was not commenced until February of 1970, the plaintiffs' cause of action is barred by such statute of limitations.

This holding is in accord with the decisions of other jurisdictions. In Jacobs v. City of Seattle, 100 Wash. 524, 171 P. 662 (1918), the Supreme Court of the State of Washington held that a three-year statute of limitations for the commencement of actions on implied contracts was applicable in an inverse condemnation action. In Rutledge v. Arizona, 100 Ariz. 174, 412 P.2d 467 (1966), the Arizona Supreme Court held that a two-year statute of limitations applied to the bringing of an action to recover incidental damages incurred, where there was no physical invasion of the plaintiffs' property, through the construction of a public highway.

We hold in this case that the six-year statute of limitations providing for bringing actions on contracts, express or implied, was applicable to the action for consequential damages in the inverse condemnation action brought by the plaintiffs. The decision of the trial court, holding that the plaintiffs' cause of action is barred by our six-year statute of limitations, therefore is affirmed.

Since we hold that the plaintiffs' cause of action is barred by the statute of limitations, other issues raised on this appeal need not be considered. The judgment of the district court is affirmed.

PAULSON, ERICKSTAD, TEIGEN and KNUDSON, JJ., concur.