[Civil No. 3018. Filed June 30, 1931.]

[300 Pac. 958.]

L. B. MOSELEY, Appellant, v. LILY ICE CREAM COMPANY, a Corporation, Appellee.

Mr. John W. Ray, for Appellant.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Appellee.

Messrs. Cox, Moore & Janson and Mr. O. B. De-Camp, *Amici Curiae.*

LOCKWOOD, J.—L. B. Moseley, hereinafter called appellant, while in the employ of Maricopa county, was injured by a truck owned by Lily Ice Cream Company, a corporation, hereinafter called the appellee. He made application to the Arizona Industrial Commission for compensation and was awarded the sum of $42.39, for which he accepted a check, which he cashed, retaining the proceeds after he knew it was given as compensation for his injury, and as a bar to any further recovery therefor. His doctor's bill was also paid by the commission, and thereafter it settled the case against the appellee for the amount actually paid to appellant, and to his doctor by it.

Subsequently thereto appellant brought this action, alleging that he had been injured through the negli-

gence of appellee, asking for $5,000 damages. Appellee answered, setting up that the alleged cause of action was not at the time of filing the complaint vested in appellant, but in the state of Arizona, for the reason that appellant subsequent to the happening of the injury upon which the complaint was based had made application to the Industrial Commission for compensation therefor, and had received such compensation. It also denied any negligence. Appellant moved to strike the plea that settlement had been made as above, which motion was overruled and the case went to trial. After evidence had been offered by both parties, appellee moved for an instructed verdict on the ground that the right of action had become vested in the state and settled by it, which motion was by the court granted, and after the usual motion for a new trial had been overruled this appeal was taken.

The real and vital questions in this case are as to the constitutionality of section 1435, Revised Code of 1928, and, if such section be constitutional, as to its effect. The section reads as follows:

"Section 1435. Liability of third person to injured employee. If an employee entitled to compensation hereunder is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, shall elect whether to take compensation under this title or to pursue his remedy against such other. If he elect to take compensation, the cause of action against such other shall be assigned to the state *for the benefit of the compensation fund,* or to the person liable for the payment thereof, and if he elect to proceed against such other, the compensation fund or person, shall contribute only the deficiency between the amount actually collected and the compensation provided or estimated herein for such case. Compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for herein shall be made only

with the written approval of the commission, or of the person liable to pay the same.'' (Italics ours.)

It is the contention of appellant that such section is in conflict with section 6 of article 18 of the Constitution of Arizona, which is in the following language:

''Section 6. The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation.''

It is urged that this provision makes the former common-law action for negligence a constitutional one, and that it cannot be abrogated by the legislature. We think there is no question that this proposition, stated in the abstract, is correct. In the case of *Alabam's Freight Co.* v. *Hunt*, 29 Ariz. 419, 242 Pac. 658, we said:

''It is true that the action of negligence was originally a common-law one, but its status was, in our opinion, changed when article 18, § 6, was adopted. Its language is as follows: (quoting section 6, article 18, above quoted.)

''Taken into consideration with the preceding sections 4 and 5, it is beyond question that the 'right of action to recover damages for injuries . . .' therein mentioned is the common-law action of negligence, and that by the prohibition against its abrogation it was taken from its status as one subject to the will of the Legislature and imbedded in the Constitution, just as firmly and truly as the Compensation Act or Liability Law. Nay, more so, for these last two had only constitutional mandates which required positive action on the part of the Legislature to make them effective, while the action for negligence needed no statutory aid, and its principal incidents were placed beyond legislative control.

''True, it was available under proper circumstances to others besides employees, but for these last it was a remedy available against an employer and guaranteed by the Constitution. To hold that a right of action whose abrogation was forbidden by the Constitution

can be taken away by a statute, against the will of one to whom it belonged, merely because it was not originally created by that Constitution for his benefit exclusively, on the theory that the words 'provided by this Constitution' must be read 'created by this Constitution,' would be contrary to every principle of construction. The common-law action of negligence, as modified by the Constitution, is now as much 'provided' by that instrument for the benefit of all, be they employees or others, as are the Employers' Liability Law or the Compensation Act, for certain classes of employees, and no statute can take away the right to pursue it without granting a reasonable election to all who, on the facts, are entitled to it.''

. If section 1435, *supra,* were to be construed as taking away the right to pursue the constitutional action of negligence without granting a reasonable election to all persons entitled thereto, it would indeed be unconstitutional. Such, however, in our opinion, is neither the purpose nor the meaning of the section. It expressly gives the injured employee or his dependents the right to elect after the injury whether to take compensation under the act or to pursue his remedy against a third party under his constitutional right. We see nothing in the section thus interpreted in conflict with the constitutional provision. We consider, then, its effect.

It is the contention of appellant that while admitting he may not have two recoveries for the same injury, one under the Compensation Act and the other under the constitutional action, yet he may first recover under the Compensation Act, and then bring his suit against the third party and recover such amount as a court or jury may award him, subject to the obligation on his part of reimbursing to the Industrial Commission or the insurance carrier which has previously paid him under the Compensation Act the amount so paid.

A similar situation has arisen in a great many jurisdictions in the United States, and has been solved in

varying ways, depending upon the exact language of the statute covering the question. Apparently these statutes may be divided into three classes. The first includes those where the express right is given to the employee to recover compensation and also to sue the third party for negligence. Typical of such statutes are those of New Jersey, Kansas, California and Iowa, and the decisions in these and other states with like statutes hold accordingly that acceptance of compensation does not defeat the right of the injured employee to bring a suit against such third party. *Moeser* v. *Shunk,* 116 Kan. 247, 226 Pac. 784; *Jacowicz* v. *Delaware, L. & W. R. Co.,* 87 N. J. L. 273, Ann. Cas. 1916B 1222, 92 Atl. 946; *Van Zandt* v. *Sweet,* 56 Cal. App. 164, 204 Pac. 860; *Black* v. *Chicago G. W. R. Co.,* 187 Iowa 904, 174 N. W. 774.

The second class of statutes does not expressly give the employee the right to recover compensation and to sue the third party, but provides that, if compensation is paid, the employer is subrogated to the rights of the employee so far as the amount which he has paid is concerned, but that any surplus he may recover is to go to the injured employee. In these states it is generally held that the right of action against the third party still exists, notwithstanding compensation has been paid, and that in some way or another, either by bringing suit in the name of the employer or in his own name, the employee may maintain the action. Typical of these states is Texas. *Cameron & Co.* v. *Gamble,* (Tex. Civ. App.) 216 S. W. 459; *City of Austin* v. *Johnson,* (Tex. Civ. App.) 204 S. W. 1181.

The third class of statutes provides that if the employee elects to bring suit against the third person and his recovery is less than that granted by the Compensation Act, the insurance fund shall make up the difference, but that if the employee elects to take compensation, the awarding of compensation shall act as an assignment of the cause of action to the state for

the benefit of the insurance fund, or other insurer. In these states acceptance of compensation bars any action against the third person by or on behalf of the employee. Typical statutes are those of New York, Oregon and Oklahoma. *Travelers' Ins. Co.* v. *Louis Padula Co.,* 224 N. Y. 397, 121 N. E. 348; *Hicks* v. *Peninsula Lumber Co.,* 109 Or. 305, 220 Pac. 133; *Eagle-Picher Lead Co.* v. *Kirby,* 109 Okl. 96, 235 Pac. 176.

On comparison with the different statutes in the three classes we have described above, it is apparent that the Arizona law falls clearly within the third class. We are of the opinion both on authority and on a logical interpretation of the language of our statute that, under its provisions, when payment under the Compensation Act is chosen by the injured employee, his rights of every nature against the third person pass as a matter of law to the state or other insurer, and no right of action, either direct or indirect, remains in him as against such third person.

It is urged, however, by appellant, that even though the section be constitutional, and its meaning be such that he had lost his right to sue if he chose compensation, under the particular facts in this case the election made was not binding on him. It is, of course, true that an apparent election made in a case of this nature, just as in any other case, is subject to be set aside for many reasons. But this issue must be raised by the pleadings. On examining them, it appears that appellant at no time asked to have his election set aside for any reason, although he admitted he had been advised by counsel after his acceptance of compensation and before the bringing of this action against appellee that such acceptance would bar any recourse against appellee. His contention was that he was exercising a constitutional right, which was not subject to election, and which could not be abrogated or taken away by act of the legislature. In this par-

424

ticular case, therefore, we need not consider the question as to whether his apparent election might have been set aside on a proper showing, since the pleadings do not raise such an issue.

For the foregoing reasons, the judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.