483 P.2d 65

Jack RUTH, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

REPPEL STEEL AND SUPPLY COMPANY,
Inc., Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 1 CA–IC 340.

Court of Appeals of Arizona,
Division 1,
Department A.

March 29, 1971.

Rehearing Denied April 23, 1971.

Review Granted June 1, 1971.

Charles M. Brewer, James D. Lester, Langerman, Begam & Lewis, by Samuel Langerman, Phoenix, for petitioner.

William C. Wahl, Jr., Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund, by Cecil A. Edwards, Jr., Phoenix, for respondent carrier.

STEVENS, Presiding Judge.

The single question involved is whether the State Compensation Fund, the insurer of the several employers involved in connection with this matter, had the legal obligation to share in the cost of the recovery which the injured employees effected in their actions against the third-party tort-feasors. The recovery in each instance was in excess of the sums of money theretofore paid to and on behalf of the injured workmen.

In each of the eight consolidated cases The Industrial Commission of Arizona is the respondent and as indicated above the State Compensation Fund is the respondent carrier. The claims which are the subject of this opinion are:

1 CA–IC 340 – Claim No. BD 4013B
Jack Ruth – Claimant

1 CA–IC 341 – Claim No. BD 4013C
Howard Richard Larcom – Claimant

1 CA–IC 342 – Claim No. BD 4013A
Wilbert Leo Duttarer – Claimant

Ruth, Larcom and Duttarer were all employed by Reppel Steel and Supply Co., Inc., and they were all injured in a single accident;

1 CA–IC 349 – Claim No. BD 7166B
Larry D. Sanders – Claimant

Earnhardt Ford Sales Co. – Employer

1 CA–IC 350 – Claim No. BC 5718A
The widow and children of Miguel Bermudez Lopez – Claimants

1 CA–IC 351 – Claim No. BC 5718B
The widow and children of Leo A. Serna – Claimants

Lopez and Serna were both employees of Statewide Contractors, Inc., and received the injuries which caused their deaths in a common accident.

1 CA–IC 352 – Claim No. BG 32217S
The widow and children of Karl A. Glaspey – Claimants Equipment Manufacturing and Supply, Inc. – Employer; and

1 CA–IC 354 – Claim No. BC 19502A
James B. Hodson – Claimant

J. Carner Company, Inc. – Employer.

In each instance the workman sustained a compensable industrially related injury. In each instance benefits and compensation were paid. The several claimants or those entitled to receive benefits and compensation elected to continue to receive benefits and compensation and at the same time they pursued their respective civil action remedies against the tort-feasors involved in the various industrial accidents. All of the civil actions were settled with the approval of the Commission. The files indicate that the money available for settlement in those instances where two or more workmen were injured in a single event limited the recovery to a figure which could be less than a realistic evaluation of the injury.

It is necessary to first consider some legislative and case law history to set forth the setting for the problem which confronts us.

The third-party liability provisions of Arizona's workmen's compensation law were held to be constitutional in Moseley v. Lily Ice Cream Company, 38 Ariz. 417, 300 P. 958 (1931). In that opinion our Supreme Court emphasized that the law granted to the injured workman, after his injury, the right to elect to receive the various monies payable by the insurer under the act or to sue the third-party tort-feasor. The forerunner of A.R.S. § 23–1023 was considered by the Supreme Court in its opinion.

*A.R.S. § 23–1023 before 1965*

A.R.S. § 23–1023, prior to the year 1965 read as follows:

"§ 23–1023. Liability of third person to injured employee; election of remedies

A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, shall elect whether to take compensation under this chapter or to pursue his remedy against such other person.

B. If the election is to take compensation, the claim against such other person shall be assigned to the state for the benefit of the compensation fund, or to the person liable for the payment thereof. Such a claim assigned to the state may be prosecuted or compromised by the commission.

C. If the election is to proceed against such other person, the compensation fund or person shall contribute only the deficiency between the amount actually collected and the compensation provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation provided for shall be made only with written approval of the commission, or of the person liable to pay the claim."

Our Supreme Court in its opinion in State ex rel. Industrial Commission v. Reese, 74 Ariz. 425, 250 P.2d 1001 (1952), restated the Arizona law to the effect that an injured workman who received accident benefits only and who did not accept compensation could sue the third-party tort-feasor. One who had received accident benefits and sued the third-party tort-feasor had the obligation of paying out of the third-party litigation recovery to the employer's insurer those sums which

had been spent by the employer's insurer for accident benefits. Reese also restated the Arizona rule, almost a universal rule, that the injured employee is entitled to but one recovery. This last proposition of law was restated in Hornback v. Industrial Commission of Arizona, 106 Ariz. 216, 474 P.2d 807 (1970), as follows:

"By limiting the workmen's compensation to the deficiency, the statute ensures that there will be no double recovery for injuries." 106 Ariz. at 219, 474 P.2d at 810.

*The 1965 Amendment*

A.R.S. § 23–1023 was amended in 1965 and again in 1968. The 1968 amendment became effective 1 January 1969. We are here concerned with the effect of the 1965 amendment. Subsections A and B hereinbefore quoted were not changed. We quote the amended subsection C and by our italicizing emphasize that portion thereof which is critical to this opinion:

"C. *If the election is to proceed against such other person, compensation and accident benefits shall be paid as provided in this chapter and the commission or other person liable to pay the claim shall have a lien on the amount actually collectible from such other person to the extent of such compensation and accident benefits paid.*[1] *The amount actually collectible shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery.* The compensation and accident benefit funds or person shall contribute only the deficiency between the amount actually collected and the compensation and accident benefits provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation and accident benefits provided for shall be made only

---

1. (NOTE: At this point, the 1968 amendment added a sentence reading as follows: "This lien shall not be subject to a collection fee." We will comment on this amendment later in this opinion.)

with written approval of the commission, or of the person liable to pay the claim.",

■ The Commission entered an award in connection with each of the claims which we now have under consideration. Although designated as an "order" the Commission action was an "award." Russell v. The Industrial Commission of Arizona, 104 Ariz. 548, 456 P. 2d 918 (1969). In relation to the question at issue the award in the Ruth claim is typical of the awards in each of the eight claims. We quote a portion of the 14 September 1967 award in the Ruth claim:

"1. The Petition for Approval of Settlement filed herein September 8, 1967 is hereby approved and the applicant is hereby authorized to compromise and settle his cause of action against Newell Salvage Company for the gross sum of $100,000.

2. The applicant shall forthwith reimburse the defendant insurance carrier the sum of $22,874.90, upon payment of which the defendant insurance carrier's lien against the third party recovery shall be extinguished.

3. The sum of $51,528.24 shall be and the same hereby is established as a credit against the liability of the defendant employer and the defendant insurance carrier for the payment of any compensation to the applicant to which he may become entitled subsequent to August 18, 1967, and for the payment of any accident (medical) benefits which may hereafter be incurred by the applicant or which have heretofore been incurred but are unpaid."

In relation to each claim timely procedural steps were taken directed to the propriety of the Commission action which denied the injured workman's right to require that the Fund, the employer's insurer, pay its fair share of "the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery." A consolidated formal hearing was held. There was evidence that in the pre-1965 situation private counsel had been employed to aid the Commission in its efforts to prosecute or compromise the claim which had been assigned to the State for the benefit of the insurer pursuant to subsection B of A.R.S. § 23–1023, quoted above. The evidence disclosed a very substantial recovery and a payment of a contingent fee. We hold that this factual evidence was proper. There was also evidence as to the historical background for the amendment. That portion of the evidence relating to the rules stated in Reese prohibiting a third-party suit in a situation wherein the injured workman had accepted compensation in addition to accident benefits was appropriate. The referee ruled that evidence which tended to establish the interpretation of the 1965 amendment, the interpretation urged by the claimants, was not proper in that the statute is clear and unambiguous. With this ruling we agree. The intent of the Legislature is determined primarily from the language of the statute itself. When the words of the statute are clear and unambiguous and convey a clear and definite meaning there is no occasion to go outside the language itself for interpretation. Employment Security Commission of Arizona v. Fish, 92 Ariz. 140, 375 P.2d 20 (1962); Automatic Registering Machine Company, Inc. v. Pima County, 36 Ariz. 367, 285 P. 1034 (1930).

The first sentence of the underscored portion of subsection C of A.R.S. § 23–1023, 1965 amendment, uses the phrase "the amount actually collectible." The second sentence defines this term. The lien specified in the first sentence is a lien on the net recovery after first deducting from "the total recovery" that sum of money which represents "the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery." After the formal hearing the Commission ruled in the Ruth matter, and again this is typical of all of the awards, the ruling being as follows:

"1. That the defendant insurance carrier has a lien against the amount actually collectible to the full extent of said

carrier's expenditures for compensation, medical, surgical and hospital benefits.

2. That applicant is not entitled to deduct any sums from the aforesaid defendant insurance carrier's lien."

Using the rounded out figures in connection with the Ruth claim, the lien was approximately 23% of the overall settlement recovery. Had the Commission and the Fund paid their pro rata share of the deductible fees and costs, Ruth would have received the additional sum of $5,800 and the credit against the future payments which the Fund might be required to make by virtue of the industrially related injuries would have been increased by the same amount.

It is urged by the Fund that to permit the insurer to pay its fair share of reasonable attorneys' fees and expenses would have the effect of permitting the employee to receive a double recovery. We recognize that there is respectable case law to sustain the position of the Fund. We cannot agree that a sharing of fees and costs would result in a double recovery for the workman. It would only be if the attorneys refunded a portion of their fees to the injured workman that a double recovery could take place and there can be no suggestion of any such improper procedure in the matters which we have under consideration.

■ We are not called upon to decide whether the insurer *could*, under the 1965 amendment, legally pay its pro rata share of attorneys' fees and costs. By the 1965 amendment the Legislature did not appear to negate this possibility. There was no change in subsection B relative to the authorization that the State was permitted to prosecute or compromise the assigned claim through the efforts of the Commission. The Legislature clearly stated in 1965 that the insurer *could not be required* to pay its fair share.

### The 1968 Amendment

■ The 1968 amendment is quoted in the footnote to our quotation of the 1965 amendment of subsection C of A.R.S. § 23–1023. In our opinion the amendment does not change the statute but clarifies the statute relative to the proposition as to whether an insurer *can be required* to pay its fair share.

In each of the eight matters now before us,

The award is affirmed.

CASE and DONOFRIO, JJ., concur.