490 P.2d 828

Jack RUTH, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,
Reppel Steel and Supply Company, Inc.,
Respondent Employer,
State Compensation Fund, Respond-
ent Carrier.

No. 10516–PR.

Supreme Court of Arizona,
In Banc.

Nov. 17, 1971.

Charles M. Brewer, James D. Lester, Langerman, Begam & Lewis, Phoenix, for petitioner.

William C. Wahl, Jr., Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Cecil A. Edwards, Jr., Phoenix, for respondent carrier.

The Arizona Chapter of the American Trial Lawyers Assn. by Fred J. Pain, Jr., President, Phoenix, amicus curiae.

LOCKWOOD, Justice:

This is a review of a Court of Appeals decision resolved in favor of the State Compensation Fund. We granted the petition for review in view of the importance of a final determination of the constitutional questions raised in the interpretation of A.R.S. § 23-1023 (1965). The question presented is whether the State Compensation Fund, respondent and insurer of several employers involved in this action, is required to share in the cost of recovery which the petitioners, injured employees, realized in their action against third party tortfeasors. Opinion of the Court of Appeals, 14 Ariz.App. 324, 483 P.2d 65 (1971) vacated.

A comprehensive statement of the facts is unnecessary. It is important only to note that eight separate cases have been consolidated into this one action[1] brought against the Industrial Commission and the State Compensation Fund. In each of the cases the petitioner employee sustained a compensable injury and elected to sue the third party tortfeasor while still receiving benefits and compensation from the Industrial Commission as is permitted by statute.[2] We would agree with the Court of Appeals that all the suits were settled at a figure lower than what might be a "realistic evaluation of the injury."

Petitioners urge for the first time to this Court that the interpretation given A.R.S. § 23-1023 (1965) by the Court of Appeals in its decision in this case violates

---

1. 1 CA IC 340—Claim No. BD 4013 B
        Jack Ruth—Claimant
  1 CA IC 341—Claim No. BD 4013 C
        Howard Richard Larcom—Claimant
  1 CA IC 342—Claim No. BD 4013 A
        Wilbert Leo Duttarer—Claimant
  1 CA IC 349—Claim No. BD 7166 B
        Larry D. Sanders—Claimant
  1 CA IC 350—Claim No. BC 5718 A
        Widow and children of Miguel Bermudez Lopez—Claimants

  1 CA IC 351—Claim No. BC 5718 B
        Widow and children of Leo A. Serna—Claimants
  1 CA IC 352—Claim No. BG 32217 S
        Widow and children of Karl A. Glaspey—Claimants
  1 CA IC 354—Claim No. BC 19502 A
        James B. Hobson—Claimant

2. A.R.S. § 23-1023 (1965) was amended in 1969. Because claimants were injured prior to the amendment in 1969, however, this decision must be ruled by the 1965 statute.

Art. 18, § 6, A.R.S. of the Arizona Constitution.[3] Respondents argue that this constitutional question may not be considered by us for the reason that questions not raised in the lower court may not be raised for the first time in an appellate tribunal. We would agree that this is an entirely correct statement of the general rule. We are of the opinion, however, that this case falls within one of the well established exceptions to that rule. It has been repeatedly held by this Court that if the question is one of "a general public nature, affecting the interests of the state at large" jurisdiction will be granted. South Tucson v. Board of Sup'rs of Pima County, 52 Ariz. 575, 583, 84 P.2d 581, 584 (1938). *See also*, Roberts v. Spray, 71 Ariz. 60, 223 P.2d 808 (1950); Washington Nat. Ins. Co. v. Employment Security Comm'n., 61 Ariz. 112, 144 P.2d 688 (1944); Arnold v. Knettle, 10 Ariz.App. 509, 460 P.2d 45 (1969). We consider the question of the constitutionality of a vital provision of the Workman's Compensation Act an issue of general statewide significance.

■ Respondent also argues that we should refuse to decide the constitutional question for the reason that the petitioner elected to come within the provision of the Workman's Compensation Act by accepting the optional benefits provided while he pursued his third party suit. Having made this choice, which was completely voluntary and free from coercive influences, it is asserted that he cannot now challenge the constitutionality of that same provision. Again, respondent is correct that generally we will not accept jurisdiction where "a party invokes the benefit of a statute * * * [and] * * * in one and the same breath, claim[s] a right granted by it and reject[s] the terms upon which the right is granted." Ison v. Western Vegetable Distrib., 48 Ariz. 104, 116, 59 P.2d 649, 655 (1936). *See also,* Climate Con-

trol, Inc. v. Hill, 87 Ariz. 201, 349 P.2d 771 (1960); Eastman v. Southworth, 87 Ariz. 394, 351 P.2d 992 (1960); Haggard v. Industrial Comm'n., 71 Ariz. 91, 223 P.2d 915 (1950). This, however, is not a rule requiring unconditional adherence. The court undoubtedly has the power to decide the case under these circumstances and will exercise that power where considered appropriate. *See, e. g.,* Haggard v. Industrial Comm'n., *supra,* and Ison v. Western Vegetable Distrib., *supra.*

Our decision to accept jurisdiction in this case was influenced primarily by two factors. First, the question is of great importance and second, it is conceivable that if jurisdiction is denied here there will be no one able to acquire standing to attack the constitutionality of these provisions.

■ Article 18, § 6 of the Arizona Constitution provides that:

"The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."

It is the petitioner's contention that the interpretation given to A.R.S. § 23–1023 (1965) by the Court of Appeals is in violation of this provision because the injured employee's third party action is preserved only if the injured employee is willing to relinquish to the compensation insurance carrier damages beyond actual damages, which allegedly was a result never contemplated by the Workman's Compensation Act.

Interpreting the statute, the Court of Appeals stated:

"[T]he interpretation urged by the claimants, was not proper in that the statute is clear and unambiguous. * * * The intent of the Legislature is determined primarily from the language of the statute itself. When the words of the statute are clear and unambiguous and convey a clear and definite meaning

3. Technically, petitioners raised the constitutional question for the first time in their motion for rehearing to the Court of Appeals. It was not raised in the original certiorari from the Industrial Commission.

there is no occasion to go outside the language itself for interpretation. [citations omitted.]

"The first sentence of the underscored portion of subsection C of A.R.S. § 23-1023, 1965 amendment, uses the phrase 'the amount actually collectible.' The second sentence defines this term. The lien specified in the first sentence is a lien on the net recovery after first deducting from 'the total recovery' that sum of money which represents 'the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery.' * * * The Legislature clearly stated in 1965 that the insurer *could not be required* to pay its fair share." Ruth v. Industrial Comm'n., 14 Ariz.App. 324, 327, 483 P.2d 65 at 68, 69 (1971). (Emphasis in original.)

With this interpretation we agree. It remains only to decide whether the interpretation can withstand the constitutional challenge.

■■ It is axiomatic that constitutional provisions are interpreted in view of the history behind the enactment, the purpose sought to be accomplished by its enactment and the evil sought to be remedied. *See,* County of Greenlee v. Laine, 20 Ariz. 296, 180 P. 151 (1919); Kerby v. Luhrs, 44 Ariz. 208, 36 P.2d 549 (1934). First, has the right been abrogated? The case law is replete with the history of the constitutional provision in question. According to the authorities the provision was enacted to elevate the common law action of negligence to constitutional stature to preserve the right inviolate. The cases construing the provision have required that the right must be *completely abolished* before a violation will be found. The Court in Moseley v. Lily Ice Cream Co., 38 Ariz. 417, 300 P. 958 (1931), in deciding whether the Workman's Compensation Act in effect at that time, offering the alternative of either suing the third party or taking benefits, was a violation of Art. 18 § 6 of the Constitution, held that:

"If section 1435 * * * were to be construed as taking away the right to pursue the constitutional action of negligence *without granting a reasonable election* to all persons entitled thereto, it would indeed be unconstitutional * * *. It expressly gives the injured employee or his dependents the right to elect after the injury whether to take compensation * * * or to pursue his remedy against [the] third party." 38 Ariz. at 421, 300 P. at 959. (Emphasis added.)

Moreover, in Kilpatrick v. Superior Court, 105 Ariz. 413, 466 P.2d 18 (1970), this Court interpreted the Workman's Compensation Act as constitutionally requiring suits by one employee against another employee relying upon precisely the same reasoning as used in Moseley. The court held that if co-employee suits were not allowed:

"the injured employee [would not have] a reasonable election *or any election at all* whether to take compensation or pursue his remedy against the fellow employee under his constitutional right." *Id.,* 105 Ariz. at 421, 466 P.2d at 26. (Emphasis in original.)

We are of the opinion that the instant case is to be ruled by this line of authority. A.R.S. § 23-1023 (1965) does provide the employee with an election. The employee may either accept compensation and sue the third party or he may reject compensation and sue the third party completely on his own. Therefore the right to sue for negligence is not nullified or destroyed. The statute merely furnishes an alternative for the employee which he may voluntarily accept or reject. *See* Ream v. Wendt, 2 Ariz.App. 497, 410 P.2d 119 (1966); Taylor v. Hubbell, 188 F.2d 106 (9th Cir. 1951), cert. denied 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618 (1951).

The second portion of the constitutional provision requires further examination. It states that "the amount recovered shall not be subject to any statutory limitation." This language was discussed in *Kilpatrick, supra,* where we found that denying an

employee the right to sue a co-employee would limit the amount of recovery.

"A decision relegating to the employee the single remedy of compensation would limit recovery in absolute contradiction of the express words of the Constitution * * *." 105 Ariz. at 420, 466 P.2d at 25.

A.R.S. § 23–1023 (1965) is distinguishable, however, in that under this statute the employee is permitted the alternative of suing independent of the Commission where there is a possibility that he may collect an award of 100% of his damages. This does not mean, as petitioners argue, that he is guaranteed the right to collect 100% of his damages.

The statute in question permits a lien on the amount of the judgment for the compensation paid to the employee. It is true that strictly speaking this is a limitation upon the amount recovered. In our opinion, however, it is not this type of limitation that was precluded by the constitutional provision. Such a construction would lend to the absurd result that any statutory provision permitting a lien on a judgment for personal injuries would be prohibited because it would actually limit the amount recovered to less than 100%. An absurd construction of a constitutional provision should be avoided. McBride v. Kerby, 32 Ariz. 515, 260 P. 435 (1927). It is our opinion that the constitutional provision was meant only to maximize the injured party's potential for recovering his entire damages, not to insure its recoverability.

The Workman's Compensation statutes recognize that not all injuries are compensable. The theory is, however, that providing benefits for all accidents is a better alternative to a community's allowing an employee to become destitute because of his injury. See Larson, Workman's Compensation Law § 2.20 at 6. Under the present statute the employee's right to sue remains inviolate and he receives benefits regardless of whether he was at fault.

The insurance carrier's lien on the judgment for the payments in no way alters the situation. Had the employee elected to sue without taking compensation from the Commission he would have recovered exactly the same amount as though he had sued the third party and received compensation. Therefore there is actually no limitation on the amount of his recovery by suit—only a reimbursement to the Commission for the compensation and accident benefits advanced.

Opinion of the Court of Appeals vacated. Awards affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and CAMERON, JJ., concur.