**Kim Woodward LICANO, Plaintiff-Appellant,**

v.

**Keith F. KRAUSNICK, M.D., Defendant-Appellee.**

**No. 82CA1107.**

Colorado Court of Appeals, Div. I.

May 12, 1983.

---

Laurence A. Ardell, P.C., Laurence A. Ardell, Pueblo, Johnson & McLachlan, George McLachlan, Lamar, for defendant-appellee.

STERNBERG, Judge.

As a defense to plaintiff Kim Woodward Licano's action against him for medical malpractice, Keith F. Krausnick, a physician, pleaded the statute of limitations. The trial court dismissed the complaint and Licano appeals. We affirm.

Plaintiff was born on December 17, 1962. In 1965, a rattlesnake bit her leg and she was treated by defendant. The leg was amputated in 1965. Plaintiff filed this action against defendant for medical malpractice on March 30, 1982.

Under the statute in effect in 1965, plaintiff had two years following her twenty-first birthday to bring the action. *See* C.R. S.1963, 87–1–6 and 87–1–17. Thus, in 1965 she did not have to bring the action until 1985. In 1977, the statute was amended to require that an action brought by or on behalf of a minor who was under six years of age when the act occurred be brought within two years after the minor reached the age of six. *See* § 13–80–105(1)(b), C.R. S.1973 (1982 Cum.Supp.). The amended statute also provided that all causes of action in existence on its effective date, July 1, 1977, were not to be barred until one year after that date or until the expiration of the period of limitations, whichever was longer. Colo.Sess.Laws 1977, ch. 198 at 818.

Because plaintiff's cause of action had not yet been extinguished when the amended act took effect on July 1, 1977, she had an existing cause of action which remained viable until one year later: July 1, 1978. No action having been filed during that year, her claim became vulnerable to a statute of limitations defense on July 1, 1978. Thus, the trial court properly dismissed the complaint filed in 1982.

Plaintiff argues that her action was not "in existence" on the effective date of the 1977 act because it would have been barred by the amended statute as soon as it

Andersen and Gehlhausen, P.C., John Gehlhausen, Lamar, for plaintiff-appellant.

became effective. Under this interpretation, the one-year grace period for actions in existence on July 1, 1977, did not apply to her. Because, according to her reasoning, her right of action was extinguished immediately upon the effective date of the act, she argues that the retroactive application of § 13–80–105, C.R.S.1973 (1982 Cum. Supp.) violates her due process rights under the Colorado and United States Constitutions. We disagree.

In determining the meaning of a particular phrase in a statute, the meaning of the entire statute, or the relevant portion thereof, should be considered, *Board of County Commissioners v. Denver,* 194 Colo. 252, 571 P.2d 1094 (1977), and it is presumed that a just and reasonable result is intended. *In Re Petition of U.M. v. District Court,* 631 P.2d 165 (Colo.1981). Here, the amendatory legislation was fashioned so that if the period of limitation for an action under the statute as amended extended more than one year after the statute's effective date, that longer period would apply, and so that in all other cases a party's action would survive for one year rather than be extinguished immediately. Under plaintiff's construction, all claims which would have been extinguished under the amended statute would have been barred immediately, making the one year extension meaningless. This would be an unreasonable result.

■ Plaintiff's third argument—that the strict limit of three years to bring an action specified in § 13–80–105(1), C.R.S.1973 (1982 Cum.Supp.) violates the equal protection clause—is without merit. The General Assembly is the primary judge of whether the time period allowed is reasonable. *Mishek v. Stanton,* 200 Colo. 514, 616 P.2d 135 (1980). And, since this statute guarantees like treatment to all who are similarly situated, it does not offend the Constitution. *See McCarty v. Goldstein,* 151 Colo. 154, 376 P.2d 691 (1962).

The judgment is affirmed.

BERMAN and COYTE *, JJ., concur.

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under Provisions