52 P.3d 799

James **PORTER**, personal representative of the Estate of Mary Jane Porter, Deceased, for and on behalf of Kyle Porter, Emily Porter, and Erica Porter, minors, Plaintiff–Appellant,

v.

**TRIAD OF ARIZONA (L.P.)**, fka Galen Of Arizona, Inc., dba Paradise Valley Hospital, an Arizona corporation; Eric Mann, M.D., Defendants–Appellees.

No. 1 CA–CV–01–0216.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 3, 2002.

J. Wayne Turley, P.C. By J. Wayne Turley, Mesa, for Plaintiff–Appellant.

Sanders & Parks, P.C. By Kari B. Zangerle, Phoenix, for Defendant–Appellee Triad.

Jennings, Haug & Cunningham, L.L.P. By Jack R. Cunningham, Edward Rubacha, Phoenix, for Defendant–Appellee Mann.

## OPINION

SULT, Judge.

¶ 1 James Porter, as personal representative of his deceased wife's estate and acting on behalf of his minor children, appeals the trial court's judgment dismissing the wrongful death complaint he filed on behalf of the children against Triad of Arizona, Inc. and Dr. Eric Mann. Porter contends the trial court erred in concluding that the two-year statute of limitations for wrongful death actions barred his complaint on behalf of the children for the 1994 death of their mother allegedly due to Dr. Mann's malpractice. Because we conclude that the minority tolling statute applies to a minor's wrongful death claim, and consequently that the complaint was timely filed, we reverse the judgment dismissing the complaint and remand for further proceedings.

## BACKGROUND

¶ 2 The relevant facts are undisputed. On August 16, 1994 at Triad's Paradise Valley Hospital, Dr. Mann treated Mary Jane Porter for hypokalemia, which is potassium depletion. She was released from the hospital with medications, but was readmitted two days later after suffering a cardiopulmonary arrest. She died on August 20, 1994, survived by her husband, a son age 8, and twin daughters age 6.

¶ 3 In March 1995, in California Superior Court, Porter sued the manufacturers and sellers of a diet tea alleging that the tea caused or contributed to his wife's hypokalemia. In 1998, expert witness physicians in that case expressed the opinion that Dr. Mann's medical treatment fell below the applicable standard of care and contributed to Mary Jane Porter's death. The jury returned a defense verdict in the California case in August 1998.

¶ 4 On January 14, 2000, Porter filed this wrongful death complaint in Maricopa County Superior Court on behalf of his three minor children. The complaint alleged medical malpractice on the part of Dr. Mann in his treatment of Mary Jane Porter, causing or contributing to her death. The complaint

further alleged that Triad was vicariously liable for Dr. Mann's negligence.

¶ 5 Dr. Mann filed a motion to dismiss the complaint, in which Triad joined, arguing that the two-year statute of limitations for wrongful death precluded the claim and that the minority tolling statute was inapplicable. The trial court agreed, granted the motion to dismiss, and following further proceedings entered a final judgment to that effect. Porter timely appealed.

## ISSUE

¶ 6 At the time relevant to the events of this case, Arizona Revised Statutes ("A.R.S.") § 12–542 (1992), the limitations statute, provided that a cause of action for wrongful death had to be brought within two years after the claim accrued, with accrual ordinarily being the date of death. However, A.R.S. § 12–502 (1992), the minority tolling statute, provided that the running of a limitations statute was tolled for the claim of a minor during the period of minority, with an exception not applicable here. In 1973, Division Two of this court construed these statutes together with A.R.S. § 12–612(A), dealing with the proper parties to a wrongful death action, and in *Gomez v. Leverton,* 19 Ariz.App. 604, 509 P.2d 735 (1973), held that the minority tolling statute did not apply to the wrongful death claim of a minor. The issue we must decide is whether *Gomez* correctly concluded that the legislature intended that the minority tolling statute should not extend to a wrongful death claim.

## ANALYSIS

¶ 7 We begin by setting forth the relevant statutes, highlighting those portions that pertain to our issue. A.R.S. § 12–612(A), as it existed when Mary Jane Porter died in 1994, described those who were entitled to bring a wrongful death cause of action:

A. **An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person** for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

A.R.S. § 12–612(A) (1992) (emphasis added).[1]

¶ 8 A.R.S. § 12–502, as it existed in 1994, provided in pertinent part:

A. **If a person entitled to bring an action** ... is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action.

A.R.S. § 12–502(A) (1992) (emphasis added).

¶ 9 In *Gomez,* a surviving spouse brought a wrongful death action as administratrix of her husband's estate on behalf of her children. The action was brought more than two years after the husband's death, and the trial court found the action barred by the two-year statute of limitations. On appeal, Division Two construed §§ 12–612(A) and 12–502(A) and agreed with the trial court, reasoning:

[W]e see that only a surviving spouse or the decedent's personal representative may bring an action for wrongful death on behalf of the statutory beneficiaries. The right of action for wrongful death is purely statutory and the action *must* be brought in the names of the persons to whom the right is given by statute. We do not agree with the plaintiff that the minority of decedent's children, who are statutory beneficiaries under the wrongful death act, tolls the running of the limitations. A.R.S. § 12–502 refers solely to the disability of the person entitled to bring an action.... [O]ur wrongful death statutes clearly differentiate between the right to be a plaintiff and the right to be a beneficiary of a wrongful death action. Since the decedent's children are merely in the latter

---

1. The statute was amended, effective June 2000, and now provides that the action may be brought "by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased." A.R.S. § 12–612(A) (Supp.2001). The amendment does not expressly provide that it is retroactive. *See* A.R.S. § 1–244 (1995) ("No statute is retroactive unless expressly declared therein.").

category and are not entitled to bring an action, the tolling statute does not apply. *Gomez,* 19 Ariz.App. at 606, 509 P.2d at 737 (internal citations and quotations omitted).

¶ 10 We respectfully disagree with *Gomez* and conclude that it was mistaken in determining that the legislature intended that the minority tolling statute would not apply to a minor's wrongful death claim. The *Gomez* court did not analyze the wrongful death statutes to ascertain the nature of the rights granted to a minor and whether such rights rose to the level of a cause of action protected under the tolling statute. Rather, the court simply noted that the "proper parties" statute, § 12–612(A), did not permit a minor beneficiary to bring a wrongful death action in his own name. The court then focused on the introductory clause of the tolling statute, "a person entitled to bring an action," and because of the apparent parallelism between the literal language of that clause and the proper parties statute's "capacity to sue" language, read the tolling statute's introductory clause as a limitation on the tolling statute's scope. Put another way, the *Gomez* court reasoned that if a minor was not entitled to bring a wrongful death action, he could not meet the preliminary requirement for the tolling statute's applicability that he be a person who was entitled to bring an action.

¶ 11 The *Gomez* court did not consider the ramifications of its interpretation of the tolling statute and thereby violated an important principle of statutory construction, namely that a court should not construe a statute so as to create a result the legislature could not possibly have intended. *City of Phoenix v. Superior Court,* 144 Ariz. 172, 177, 696 P.2d 724, 729 (App.1985). The unintended and illogical ramification of the *Gomez* rationale is revealed when one considers that in Arizona, a minor is never allowed to bring an action in his own name but must always sue through a representative whatever the cause of action. *See Pintek v. Superior Court,* 78 Ariz. 179, 184, 277 P.2d 265, 268 (1954). If the minority tolling statute made entitlement to sue a mandatory prerequisite to its applicability, it would have nothing to which to apply. No claim of a minor, not just a wrongful death claim, could ever be tolled

by the statute because there is no claim as to which a minor would be "a person entitled to bring an action."

¶ 12 Of course, no Arizona court has ever applied *Gomez'* rationale to any other cause of action of a minor and reached the unwarranted conclusion that *Gomez'* reasoning would mandate. To the contrary, Arizona has long recognized that the minority tolling statute "appl[ies] to all other actions and claims of minors, [including] medical malpractice actions." *Barrio v. San Manuel Division Hospital for Magma Copper Co.,* 143 Ariz. 101, 107, 692 P.2d 280, 286 (1984). Thus, it is clear that the principal underpinning of the *Gomez* rationale, that lack of capacity to sue renders the minority tolling statute inapplicable, is incorrect and cannot justify its result.

¶ 13 This reopens the question addressed in *Gomez,* namely whether the legislature intended that § 12–502 should toll a minor's claim under the wrongful death statute. More specifically, what did the legislature mean by the introductory language of § 12–502 referring to persons entitled to bring an action? We know from *Gomez* that the answer cannot be found from a literal reading of the clause, and we therefore must employ a different approach.

¶ 14 When the literal application of a statute's language yields a result that cannot have been intended by the legislature, we must examine the statute more closely to determine what the legislature actually meant to achieve. *See Knoell Brothers Construction, Inc. v. State Department of Revenue,* 132 Ariz. 169, 172, 644 P.2d 905, 908 (App.1982). As we said in *Lake Havasu City v. Mohave County,* 138 Ariz. 552, 557, 675 P.2d 1371, 1376 (App.1984), "[s]tatutes must be given a sensible construction which will avoid absurd results."

¶ 15 In this case, the most sensible construction of the language "a person entitled to bring an action" is that the legislature intended it to signify the person who owned the claim in question and to distinguish that person from another, such as a parent or guardian, who might have incurred an expense on behalf of the minor. While the

minor's claim would be tolled, the claim of the parent or guardian would not because that person would have the capacity to immediately sue to recover on his own behalf.

¶ 16 This rationale is illustrated by *Sahf v. Lake Havasu City Association for the Retarded*, 150 Ariz. 50, 721 P.2d 1177 (1986), in which we considered § 12–502 in the context of a person of unsound mind. The tolling provision of the statute applies equally to minors and mentally incapacitated persons and one issue in *Sahf* was whether the guardian's claims for loss of the ward's consortium and the guardian's emotional distress from observing the injury to the ward were tolled by § 12–502. *Id.* at 54, 721 P.2d at 1181. In holding that the guardian's claims were not tolled, we relied on a Nebraska case, *Macku v. Drackett Products Co.,* 216 Neb. 176, 343 N.W.2d 58, 62 (1984), that involved a minority/unsound mind tolling statute with a similarly worded introductory clause. The *Macku* court considered the parents' claim for expenses incurred on behalf of their injured minor daughter and held that the tolling statute was for the exclusive benefit of the minor child and did not toll the parents' claim because, "as persons with capacity to sue, [they] could have prosecuted their causes of action during the shortened time" provided by the applicable two-year statute of limitations. *Id.*

¶ 17 We hold that § 12–502 is designed to apply to all claims that are owned by a minor and that a minor's lack of capacity to sue is not a relevant factor in determining whether a cause of action belonging to a minor actually exists. Specifically regarding the inquiry here, whether a minor in Arizona owns a cause of action for the wrongful death of a parent is not controlled by the fact that the statute, as it existed in 1994, did not permit a minor to sue in his own name.

¶ 18 Our next step would ordinarily be to analyze the wrongful death statutes and a minor's status thereunder to determine whether the statutes vest ownership of a cause of action in the minor. Such an analysis is unnecessary, however, because our supreme court some time ago found that the wrongful death statute "confers an original and distinct claim for the damages sustained by named statutory beneficiaries." *Huebner v. Deuchle*, 109 Ariz. 549, 549–50, 514 P.2d 470, 470–71 (1973). That court has also observed that simply because "children are not named plaintiffs but are merely beneficiaries does not preclude them from being 'parties' to the litigation." *Austin v. City of Scottsdale*, 140 Ariz. 579, 580–81, 684 P.2d 151, 152–53 (1984).

¶ 19 We do not believe that further analysis is required in order to conclude that Arizona's wrongful death statutes endow a minor with his own cause of action. This finding in turns mandates the further conclusion that § 12–502 applies to such a claim. To repeat what our supreme court said in *Barrio*, the minority tolling statute applies "to all other actions and claims of minors...." 143 Ariz. at 107, 692 P.2d at 286.

¶ 20 Porter also argues that the claim granted a minor under the wrongful death statutes constitutes a fundamental right and the *Gomez* interpretation of the tolling statute therefore violates the anti-abrogation clause of the Arizona Constitution. In addition, Porter asserts that the equal protection clause of the federal constitution invalidates the *Gomez* result because the case creates a classification between claims of minors injured in their person or property that are protected by the tolling statute, and claims of minors injured in their relationships by virtue of a wrongful death of a parent that are unprotected by the statute. According to Porter, there is no rational basis for such a distinction. We do not address these arguments because we prefer to decide cases on non-constitutional grounds where, as here, such a basis is available. *Goodman v. Samaritan*, 195 Ariz. 502, 505, ¶ 11, 990 P.2d 1061, 1064 (App.1999).

## CONCLUSION

¶ 21 Because a minor in Arizona owns a cause of action for the wrongful death of a parent, we hold that such a claim is protected by the tolling provision of § 12–502 and decline to follow the holding of *Gomez v. Leverton* to the contrary. The claims of the Porter children were not barred by the statute of limitations, and we therefore reverse the

judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

CONCURRING: CECIL B. PATTERSON, JR., and SHELDON H. WEISBERG, Judges.